NICHOLAS C. DEMAREST, PLAINTIFF IN ERROR, v. THE INHABITANTS OF THE TOWNSHIP OF NEW BARBADOES, IN THE COUNTY OF BERGEN, DEFENDANTS IN ERROR.

1. Under section thirty of the act of March 11th, 1866, (*Rev.*, *p.* 1160, ? 88,) a township collector is entitled to receive twelve cents, and no more, for each name on his duplicate, for collecting all taxes inclusive, state, county, township, school, poor and other taxes, except so far as the section has been modified by subsequent legislation.
2. The words "all taxes" in the section cannot be treated as distributive, giving twelve cents, or less, for each name separately, instead of for all conjunctively.
3. The township committee are the agents of the township only so far as they act within the express provisions of the law, and payments made and sanctioned by them, not authorized by legislative enactment, are *ultra vires*, outside of their agency, and cannot bind the people.
4. Payments received by one knowing the agent to be unauthorized to make them, may be recovered by the principal as money wrongfully had and received.

On error to the Bergen Circuit.

For plaintiff in error, *G. Ackerson, Jr.*

For defendants in error, *C. H. Voorhis.*

The opinion of the court was delivered by

DODD, J.    The township of New Barbadoes sued the defendant below, in *assumpsit*, for the recovery of fees re-

ceived by him as collector, beyond the fees allowed by law. The fees said to be illegal were charged in three several bills, which were audited and passed by the township committee in April, in each of the years 1873, 1874 and 1875. The cause was tried, without a jury, before Mr. Justice Dixon, and judgment entered in favor of the township for the amount of overcharges in the three bills, being the sum of $1405.04, with interest to accrue thereon from the commencement of the suit. There was no fraud and no mistake in matters of fact alleged on either side.

The exceptions argued in this court relate to two questions, ruled adversely to the defendant below.

*First.* Were the fees now sought to be recovered, illegally charged by the collector ; and, *Second.* Does the action of the township committee in auditing and approving the bills and settling with the collector, preclude the township from recovering them back?

That the fees were illegally charged, is apparent from the words of the act of April 11th, 1866. *Rev., p.* 1160, § 88. By this section, which is the statutory provision applicable to the case, the collector is entitled to receive twelve cents, and no more, for each name on his duplicate, for collecting all the taxes collected by him ; and no name occurring on the duplicate more than once, is to be counted as more than one man. This language was properly adjudged by the court below to mean twelve cents for each name for all taxes inclusive, state, county, township, school, poor, poll, dog and other taxes, except so far as the section has been modified by subsequent legislation. The suggestion that the words " all taxes " can be treated as distributive, giving twelve cents or less for each separately, instead of for all conjunctively, cannot be supported. In the present case the defendant, in addition to the twelve cents per name, apparently for state taxes, charged and received for other particular taxes, such as county, school and bounty taxes, in some instances six and in other instances eight cents per name. These were disallowed below, except so far as provided for by the subsequent acts of March

23d, 1871, (*Pamph. L., p.* 61,) and the succeeding repealing act of the last named, approved April 3d, 1873, (*p.* 120; *Rev., p.* 20,) both relating to the tax on dogs; and also by the further act relating to schools, approved March 21st, 1867, (*Rev., p.* 1084, § 84,) giving the collector three-fourths of one per cent. on all school funds received and paid out by him for school purposes during the year, to be paid by the township committee from the funds of the township. Under the act of March 23d, 1871, twelve cents were allowed for collecting the tax on every dog assessed, and five cents by the subsequent repealing act of April 3d, 1873. The fees charged for the collection of the bounty tax were properly held illegal below, for the reason that they are county taxes, collected for county purposes. So, also, the tax of the Hackensack Improvement Commission. They are payable under the act not by the township, but by the commissioners. The three-fourths of one per cent. given by the above act, (March, 1867,) were held below to be allowable on the funds received by the collector for school purposes; and again, also, on the funds paid out by him for such purposes, for the reason that the words "funds received and paid out" would, on the opposite construction, be the same as if the word "received" had been omitted, inasmuch as the collector would not pay out funds not received. To give the word "received" its proper meaning and effect, the percentage was allowed on each of the funds named. Limiting the funds exclusively, in respect to this percentage, to those received and paid for school purposes, and therefore excluding as to such percentage the school funds received by the collector from his predecessor in office, and also those paid over by him to his successor, fees were then allowed below upon the amount of district school and township school taxes collected, also upon the amount received by the collector from the county collector for school purposes, and also the amount paid out on the orders of the district clerks. There is no error in the above rulings. The principle enunciated and applied in making them, that no public officer can be entitled to compensation for his public services save by express enact-

ment, taken in connection with the clear and explicit words of the statute, admit of no conclusion other than that arrived at below, that the fees sought to be recovered were charged by the collector without authority of law.

*Second.* Having been paid with the approval of and on settlement with the township committee, can they be recovered in this suit? That they could not be recovered, was contended for by the plaintiff in error on the ground that they were voluntary payments by the committee, with full knowledge of the facts, and without mistake or fraud; and also upon the further ground that the committee, in examining and passing upon the collector's accounts, were judges, and that their judicial action cannot be impeached in this suit. Neither of these contentions can prevail. The powers of the township committee are only those conferred by statute. In *Callahan* v. *Morris*, 1 *Vroom* 160, they are held to have no common law power to bind the township, and the importance is adverted to of protecting the people against their own servants by confining them within the strict limits of the powers conferred by law. By section twelve of the act respecting townships, (*Rev.*, p. 1195,) it is enacted that they shall have authority and that it shall be their duty to examine, inspect and report to the annual or other town meetings the accounts and vouchers of the township officers, and superintend the expenditure of township moneys. Here is nothing indicating or suggesting for them the character of judges, whose function it is to hear parties and determine between them. They were correctly held in this case to be auditors to examine, inspect and report—the clerks or servants of the corporation, and not its judges to hear, try and determine without notice. The committee and the collector both derive their powers solely from the legislature, and each is presumed to know the limit of the powers possessed by the other. The committee are the agents of the township only so far as they act within the express provisions of the law. Payments made or sanctioned by them not authorized by legislative enactment are *ultra vires*, outside of their agency, and cannot bind their principals, the people.

Payments received by one knowing the agent to be unauthorized to make them, may be recovered by the principal as money wrongfully had and received. The doctrines of acquiescence and voluntary payments, insisted on here, have no place, because the payments were not by the plaintiff now seeking recovery, nor by its sanction or approval. The application of this necessary and salutary rule will not interfere with or disturb settlements made with township committees where unaffected by illegality or fraud. Acting in good faith and within their statutory powers, their settlements will furnish an adequate protection against future claims or litigation by the public.

The evidence seems to show a demand made before suit, but if no demand made the suit itself is sufficient.

The judgment below should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, KNAPP, REED, SCUDDER, VAN SYCKEL, WOODHULL, CLEMENT, DODD, GREEN, LILLY, WALES. 13.

*For reversal*—None.