Filed Feb. 3, 1892.

---

No. 380.

## THE CITY OF LA PORTE *v.* ORGAN.

PRACTICE.—*Appellate Court.—Ruling on Demurrer.—Question How Presented.* —No question is presented on a ruling sustaining a demurrer unless an exception is taken at the time the ruling is made.

SAME.—*Motion for Judgment on Demurrer.—Bill of Exceptions.*—In order to present a question on a ruling on a motion for judgment on demurrer *nunc pro tunc,* the motion, and the ruling thereon, must be made part of the record by bill of exceptions or by an order of the trial court.

JUDGMENT.—*Motion to Set Aside.*—Where a motion to set aside a judgment is overruled, and the appellant claims to be entitled to relief under section 396, R. S. 1881, but it does not appear upon what ground under the statute he is entitled to relief, and it does not appear from an examination of the causes assigned in the motion that the court erred in its ruling under the statute, the judgment will not be disturbed.

From the La Porte Circuit Court.

*M. Nye* and *W. B. Biddle,* for appellant.

*J. H. Bradley,* for appellee.

ROBINSON, C. J.—The appellant filed its claim, in the nature of a complaint, in three paragraphs, against the appellee's decedent, and, not being allowed, it was transferred to the trial docket of the LaPorte Circuit Court for the September term, 1890. A demurrer was filed to each paragraph of the complaint, and sustained, without exception being taken to the ruling, and leave was granted to amend.

The appellant afterwards filed an amended third paragraph of complaint, to which a demurrer was also sustained, and on the third day after the demurrer was sustained to the amended third paragraph of the complaint appellant excepted to the ruling of the court on the demurrer to this paragraph of the complaint, and prayed an appeal to the Supreme Court, which was granted on filing bond, etc., within thirty days. The bond for appeal was filed in vacation.

At the ensuing November term of the court, it appearing that judgment had not been rendered on the demurrer as sustained as to the third paragraph of the amended complaint, on motion of the appellant the cause was redocketed, and at that time the court, on motion of the appellee, rendered a judgment *nunc pro tunc,* as of September 18th, 1890. Afterwards appellant filed a motion, supported by affidavit, to set aside the judgment on demurrer, and to be allowed to plead further, which motion was overruled, to which ruling the appellant excepted, and prayed another appeal, and filed another bond.

The errors assigned in this court are :

1. Sustaining the demurrer to the amended third paragraph of the complaint.

2. Sustaining appellant's motion for judgment *nunc pro tunc.*

3. Entering judgment on demurrer as of date September 18th, 1890.

4. Overruling appellant's motion to be relieved from the judgment.

Under the first assignment of error, that the court erred in overruling the demurrer to the amended third paragraph of the complaint, no question is presented by the record in this court, for the reason that no exception was taken to the ruling of the circuit court at the proper time.

The following entry appears in the record on the 15th day of September, 1890, being the thirteenth judicial day of the September term of said court: "Now come the parties by counsel, and the court sustains the demurrer to the amended third paragraph of the claimant's cause of action."

Afterwards, on the 18th day of September, 1890, being the sixteenth judicial day of the September term of said court, the following entry appears in the record: "Now come the parties by counsel, and the claimant excepts to the sustaining of the demurrer to the amended complaint heretofore had, and all pleadings are made a part of the record. Thereupon the claimant prays an appeal to the Supreme Court, which is granted by the court upon claimants filing a bond, etc., within thirty days."

Section 626, R. S. 1881, is imperative on this question. That section provides that "The party objecting to the decision must except at the time the decision is made." As we have seen, the court sustained the demurrer to the amended third paragraph of the complaint on the 15th day of September, 1890, being the thirteenth judicial day of said term of said court, and no exception was taken to the ruling at the time; and afterwards, on the 18th day of September, 1890, being the sixteenth judicial day of the September term of said court, the claimant excepted to the sustaining of the demurrer to the amended complaint heretofore had, etc.

It is settled that, in order to save any question for review

in this court in a case like this, an exception to the conclusion of law must be taken at the time the decision was made. There is no question presented to this court on the ruling of the lower court in sustaining the demurrer to the amended complaint. *Matsinger* v. *Fort*, 118 Ind. 107.

The second and third errors assigned present the question as to the sustaining of the appellee's motion for judgment *nunc pro tunc*, and in entering judgment on the demurrer as of date September 18th, 1890. As has been seen, at the November term of said court, on appellant's motion, the cause was redocketed.

The motion to redocket the cause was based upon the verified petition of the appellant, by which it was shown that on the 18th day of September, 1890, being the sixteenth judicial day of said term of said court, and being the term of said court immediately preceding the November term of said court, a demurrer having been previously sustained to the third paragraph of the amended complaint, appellant's attorney caused to be entered of record an exception to the ruling of the court in sustaining said demurrer, and thereupon certain entries were made in the nature and form of appealing said cause to the Supreme Court; that there was no judgment rendered in said cause upon said demurrer, nor was any judgment rendered thereon; that said cause remained undisposed of, and by oversight and misapprehension had been left off the docket at said November term of said court. Wherefore appellant moved that said cause be reinstated upon the docket of said court, which motion was sustained by the court, and thereupon the appellee moved the court to have the judgment on the demurrer as announced by the court, September 18th, 1890, entered as of that date, which motion was sustained and judgment was rendered against appellant on the demurrer, the appellant failing to amend under this condition of the record, although the appellant was present in court when appellee's motion for judgment on the demurrer was made and sustained and

caused an exception to be entered of record to said motion and the ruling thereon.

The second and third assignments of error present no question in this court, because the motion of the appellee for judgment on the demurrer, and the ruling of the court thereon, were not made a part of the record by bill of exceptions, or by an order of the trial court. *Shields* v. *McMahan*, 101 Ind. 591; *Chissom* v. *Barbour*, 100 Ind. 1.

After the court sustained the appellee's motion for judgment on demurrer, appellant filed a motion, supported by affidavit, to set aside said judgment and to be relieved therefrom, which motion was overruled, and constitutes the fourth assignment of error. The affidavit filed in support of said motion was made by the appellant's attorney and stated, in substance, that the affiant was afraid that the complaint did not state a cause of action, and was apprehensive that it was bad for reasons therein stated; that if the judgment was set aside and appellant again allowed to amend a cause of action could be filed sufficient to withstand a demurrer; that certain facts had been omitted from said complaint, which should have been averred therein to more fully present appellant's cause of action, etc.

No reason is assigned by the appellant why this motion should have been sustained, further than to suggest that, under the circumstances shown by the record, the appellant was entitled to be relieved from the judgment under section 396, R. S. 1881. We are not advised by the brief of the appellant upon what ground under the statute cited the court should have relieved appellant from the judgment, and it does not appear from an examination of the causes assigned in the motion that the court erred in its ruling thereon under said statute.

The judgment is affirmed, with costs.

Filed Feb. 3, 1892.