DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

MARCH TERM, 1900.

THE J. C. SMITH AND WALLACE COMPANY, DEFENDANT IN ERROR, v. GILBERT H. LUNGER, PLAINTIFF IN ERROR.

Submitted March 27, 1900—Decided June 18, 1900.

1. The construction of written instruments in litigated cases is matter of law for the determination of the court, and in making such determination, the court will, *prima facie*, attribute to each word of the instrument its ordinary and common meaning.

2. As words which have a common and well-defined meaning are frequently employed, by persons engaged in a peculiar business or trade, in a peculiar or technical sense, evidence that by the usage of such business or trade certain words have acquired a meaning different from their common and ordinary meaning, is admissible:

3. Upon the production of such evidence, the court must submit to the jury to determine whether it establishes the fact that the words in question have acquired by the usage of the business or trade in question a peculiar or technical meaning, and what that meaning is; and whether the parties used the words in the instrument in question in the ordinary or in the peculiar and technical sense. It is not error to charge that if the words in question have acquired a peculiar trade meaning, and have been used by the parties in the instrument in ques-

(539)

tion in that meaning, the liability of the parties upon such instrument must be fixed by attributing to such words that peculiar meaning.

4. Evidence that words having a well-defined ordinary meaning are used in a particular business or trade in another and peculiar meaning, doubtless should be clear, accurate and convincing. Upon a rule to show cause, a verdict attributing a trade meaning to words having a well-defined ordinary meaning, upon evidence which is contradictory and inconsistent, could not be permitted to stand. But when, on error, it appears that evidence on this subject was properly admitted and the jury properly instructed thereon, it is not ground for reversal if, in fact, there was evidence before the jury which would justify their finding that the words in question were used in a sense which would render the defendant liable.

On error.

This action on contract was brought to recover damages from the defendant for failure to accept and pay for one hundred and fifty barrels of "Columbia" flour, purchased by him from the plaintiff. The contract of purchase was in writing and signed by the parties. It was made May 9th, 1898, and it was therein expressed that the flour was to be shipped "at once."

For the plaintiff in error, *Albridge C. Smith.*

For the defendant in error, *Robert H. McCarter.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The assignments of error most relied on by the defendant were directed to the admission of testimony in the trial of the cause, offered to prove that the usage of the flour trade has given to the words "at once," as used in the contract of purchase, a peculiar meaning, and also what such meaning is.

The bills of exception show that the defendant had frequently before purchased from the plaintiff "Columbia" flour, and that such flour is manufactured by the Consolidated Milling Company of Minneapolis and by no others, and that the

shipments upon such purchases were known to the defendant to have been made from Minneapolis.

The bills of exception further show that the contract was dated on May 9th, 1898; that the flour was shipped from Minneapolis on May 20th, 1898; that it arrived and was offered to defendant early in June, and that he refused to accept it on the ground that it had not been shipped in conformity to the terms of the contract. His defence to the action was based upon the alleged non-performance of the contract on the part of the plaintiff.

The circumstances disclosed by this evidence render it obvious that in entering into this contract the parties thereto did not use the words "at once" in their strictly literal sense. Performance according to the literal meaning must have been instantaneous, which the parties knew was impossible. If the words in question were incapable of any other than a literal meaning, it is plain that the plaintiff failed to perform the contract in question.

The general rule of law undoubtedly is that the construction of written contracts devolves upon the court as a matter of law. It follows that the meaning of the words employed in the contract must be ascertained and determined by the court as a matter of law. *Prima facie*, the court will attribute to words the meaning fixed by general usage. But since words which have in common usage a well-defined meaning are known to be frequently employed in a particular business or trade, in a meaning different from the ordinary one, it is equally well settled that in dealing with written instruments involving subjects connected with any particular business or trade, evidence that the words used in the instrument have acquired in such business or trade a peculiar or, as it were, a technical sense, is admissible. Upon such evidence an ambiguity is disclosed, and it becomes a question for the jury to determine—first, whether the words have acquired a peculiar meaning by such usage and what that meaning is; second, whether the words were used in the instrument in their ordi-

nary sense or in the peculiar sense which they may find the usage of the trade has ascribed to them.

This doctrine has been so lately discussed and applied in this court in the case of *Halsey* v. *Adams*, 34 *Vroom* 330, that it is unnecessary to enlarge upon the subject. Upon that authority the evidence objected to was plainly admissible, and no error is pointed out by the assignments in respect thereto. The case of *Steward* v. *Scudder*, 4 *Zab.* 96, relied on by defendant, is not in opposition to this doctrine, which is clearly stated by both of the learned justices who delivered opinions. The verdict in that case was set aside upon a rule to show cause solely because the evidence was insufficient to establish a business usage of the words which were in question, variant from their ordinary meaning.

This result disposes of all the exceptions to the admission or rejection of evidence which have been argued, except such as are involved in exceptions subsequently stated.

The next assignment of error relates to the refusal of the trial judge to nonsuit the plaintiff. The bills of exception show that the contract was made on May 9th, 1898, and that the flour was shipped from Minneapolis eleven days after. The motion to nonsuit was put, first, on the ground that one of the witnesses called by the plaintiff to testify to the trade meaning of the words "at once" had declared that those words, by the usage of the trade in New Jersey, meant that shipment must be made within ten days from the order of purchase. This contention, however, ignored the evidence of other witnesses, which attributed to these words a wider meaning in the usage of the trade than that given by the witness in question.

The nonsuit was further sought on the ground that there was no evidence that the defendant made the contract with reference to the usage of trade, but the course of previous dealings between the parties and the impossibility of performing the contract in its literal sense justify the inference that the parties used the words in a meaning different from the common meaning; and if a trade meaning was estab-

lished by the evidence it might also be inferred that they used them in that peculiar sense.

It was not contended as a ground for nonsuit that the evidence failed to establish that the words "at once" had acquired a peculiar meaning when used in the flour trade in such contracts. Upon a rule to show cause it might be questioned whether such fact was established by the weight of evidence; but as there was competent evidence on that question proper to be submitted to a jury, it would have been erroneous to nonsuit had such an objection been made.

The exception to the refusal to direct a verdict for the defendant stands in the same position. The motion was put upon the sole ground that the plaintiff had failed to comply with the conditions of the contract as to- shipment, and the mind of the trial judge was not thereby directed to any insufficiency of evidence to establish the trade meaning of the words in question.

The other assignments argued are directed to parts of the charge of the trial judge. The assignment first insisted upon declares that the trial judge instructed the jury that the words "at once" in the contract between the parties should be construed in the light of the trade usage, of which evidence had been given in the behalf of the plaintiff. But this is an incorrect statement of what the judge charged on that subject. He instructed the jury to ascertain whether the words had acquired a trade meaning such as the plaintiff claimed, and whether the parties used them in the contract in such trade meaning, and told the jury that, if they found these questions in the affirmative, those words must be read in the light of such trade usage. Upon the principles before laid down, this was obviously correct.

The only remaining assignment of error which it is deemed necessary to notice is directed at the charge of the trial judge, who is therein stated to have instructed the jury that the words in question might be construed in the light of the previous dealings of the parties in respect to contracts for the

· purchase of flour, containing the same provisions as to time of shipment.

But this is an erroneous statement of what was in fact charged on that subject. After calling the attention of the jury to the evidence of the previous purchases of such flour upon terms as to shipment identical with those in the contract sued on, and of the acceptance by defendant of such purchase, although shipped long after the purchase, the trial judge declared that the importance of such evidence was to enable the jury to ascertain what the parties understood to be the meaning of the disputed words in the contract in question. This only permitted the jury to draw the inference from such course of dealing that the parties knew of a peculiar meaning acquired by the usage of the trade, and used the words " at . once " in the contract sued on, in that, and not in their ordinary meaning.

No error appearing, the judgment must be affirmed.

*For affirmance*—MAGIE (CHANCELLOR), DEPUE (CHIEF JUSTICE), VAN SYCKEL, DIXON, GARRISON, GUMMERE, LUDLOW, BOGERT, HENDRICKSON, ADAMS. 10.

*For reversal*—LIPPINCOTT, COLLINS, VREDENBURGH, VOORHEES. 4.