WILLIAM A. HALSEY ET AL., DEFENDANTS IN ERROR, v. ISRAEL G. ADAMS ET AL., PLAINTIFFS IN ERROR.

Argued March 23. 1900—Decided June 18, 1900.

On error to the Supreme Court.

For the plaintiffs in error, *Clarence L. Cole.*

For the defendants in error, *Sherrerd Depue.*

PER CURIAM.

Upon the first trial of the issue joined in this cause a verdict was directed for the defendants. The judgment entered

therein was reversed in this court, for reasons given in the opinion of Judge Nixon in *Halsey* v. *Adams*, 34 *Vroom* 330.

The record having been remitted and a *venire de novo* having issued, upon the second trial a verdict was directed for plaintiffs. The judgment upon this verdict is now before us for review.

We deem it sufficient to say that upon the last trial the trial judge correctly applied the law declared by this court in the opinion referred to.

Upon the uncontradicted evidence then given, the direction of a verdict for plaintiffs was justified, for it thereby appeared that defendants were the plaintiffs' agents to issue policies of insurance against loss by fire, and, as such agents, had issued a certain policy for an amount greater than plaintiffs deemed proper; that defendants were thereupon instructed to *reduce* the policy to a specified sum; that such instruction, according to the trade meaning of the word *reduce*, required defendants to endeavor to induce the policy holder to consent to the required reduction; and, if no such endeavor was made, or if made, was ineffectual to report the failure to the plaintiffs, who by the terms of the policy had power to cancel the policy and discharge there liability thereon; that defendants did not obey the instructions nor report their omission to do so, and that plaintiffs were thereby left liable to, and, upon a loss occurring were required to pay the amount of the policy. Upon this undisputed evidence there was no question for the jury and no error is pointed out by any of the assignments of error.

The judgment must be affirmed.

*For affirmance*—MAGIE (CHANCELLOR), DEPUE (CHIEF JUSTICE), VAN SYCKEL, DIXON, GUMMERE, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 12.

*For reversal*—None.