THE GRUEBER ENGINEERING COMPANY, DEFENDANT IN ERROR, v. EDWARD M. WALDRON ET AL., PLAINTIFFS IN ERROR.

Submitted December 5, 1904—Decided March 6, 1905.

1. Where the final letter, in a correspondence leading up to the contract, shows that it was intended to embrace the whole agreement and to finally conclude it, it is the only evidence of the contract, and oral testimony of what was said or done during the negotiations, or other letters written pending the negotiations, will not be permitted either to contradict the written contract or to supply terms with respect to which the writing is silent.
2. The construction and effect of a written instrument is a matter of law to be determined by the court and not by the jury.

---

On error to the Essex county Circuit Court.

For the plaintiffs in error, *James E. Howell.*

For the defendant in error, *Frank E. Bradner.*

The opinion of the court was delivered by

FORT, J. There are but two matters assigned for error in this case. The first is that the trial judge erred in holding that the contract between the parties under which the freight-houses were to be erected was contained solely in the letter of the plaintiff of November 2d, 1901, and the reply thereto of the defendants, of November 7th, 1901. In this we think there was no error. Much correspondence had occurred between the parties, and at least one interview, before the proposition of November 2d, 1901, was written by the plaintiff, and the reply of November 7th, 1901, accepting the same, was written by the defendants.

A careful examination of the evidence shows that these two letters of November 2d and 7th embrace the whole of the finally concluded terms of agreement between the parties, and that all the other letters, telegrams and interviews were introductory.

This conclusion, therefore, justified the trial court in directing that the $600 item on "difference between estimates for short and long delivery," referred to in the earlier correspondence, was not to be deducted from the $6,900 fixed in the letter of November 2d, 1901, as the consideration for the work agreed to be done.

Where the final letter in a correspondence shows that it was intended to embrace the whole agreement, and to finally conclude it, it is the only evidence of the contract, and oral testimony of what was said or done during the negotiations, or other letters written pending the negotiations will not be permitted, either to contradict the final written contract or to supply terms with respect to which the writing is silent. This rule is now so well settled in this state that it is axiomatic. *Hollenbeck* v. *Chapman, ante p.* 477; *Naumberg* v. *Young,* 15 *Vroom* 331; *Bandholz* v. *Judge,* 33 *Id.* 526; *Hanrahan* v. *National Building Loan and Provident Association,* 37 *Id.* 80; *Van Horn* v. *Van Horn,* 4 *Dick. Ch. Rep.* 327; *McTague* v. *Finnegan,* 9 *Id.* 454; *Russell* v. *Russell,* 15 *Id.* 282; *S. C.,* 18 *Id.* 282.

The other error assigned is that the trial judge submitted to the jury the question as to whose duty it was, under the written contract in evidence, to brace the columns furnished and erected by the plaintiff.

The contention of the defendants was that it was a part of the duty of the plaintiff, under the contract, to do the work of bracing the columns. It was undisputed that the plaintiff had not done the bracing. The defendants had been compelled to do so, and sought to set-off against the contract price the expenses reasonably incurred in doing the work which the plaintiff was required to do. Whether the plaintiff was required to do the work of bracing, under the contract, the trial judge left to the jury, and they found in favor of the plaintiff. We think that upon this point the contract was free from doubt, and that by its terms the plaintiff was required to do the bracing, and hence it was error to leave this question to the jury. *Smith* v. *Lunger,* 35 *Vroom* 539; *Rogers* v. *Colt,* 1 *Zab.* 704.

By the defendants' letter of November 7th, 1901, accepting the proposition of the plaintiff in its letter of November 2d, 1901, it is expressly stated that the two freight-houses are to be erected "according to the plans and specifications of Mr. Joseph O. Osgood, chief engineer."

These specifications expressly required that "all columns must be well braced in course of erection." The proposal of the plaintiff, by its letter of November 2d, 1901, was to erect "the whole, complete, in place, for the sum of six thousand nine hundred dollars." These three writings, when together, leave no room for a disputed question of fact as to the duty of the plaintiff to do the bracing of the columns in question. It was the duty of the court to so say to the jury, and if the work done by the defendants was reasonably necessary to make good the work which the plaintiff was required to do, but failed to do, the item of expense claimed for the work was one which the defendants were entitled to have allowed against the plaintiff's claim in suit.

For this error there must be a reversal, with a *venire de novo.*

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM, GREEN, GRAY. 14.