

**141**

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2826, concerning
Article 7211, Revised Civil Stat-
utes.

In your letter of October 14, 1940, you request our opinion in response to the following question:

"Is the Tax Assessor-Collector required to show the value that he believes property to be worth on the inventory at the time the assessment is made by the owner, or is he permitted to place his value on the property after the assessment is taken, if he feels that the owner has rendered same for an amount less than its actual value, and then refer the matter to the Board of Equalization?"

Article 7211, Revised Civil Statutes, reads as follows:

"Hereafter when any person, firm or corporation renders his, their or its property in this State for taxation to any tax assessor, and makes oath as to the kind, character, quality and quantity of such property, and the said officer accepting said rendition from such person, firm or corporation of such property is satisfied that it is correctly and properly valued according to the reasonable cash market value of such property on the market at the time of its rendition, he shall list the same accordingly; but, if the assessor is satisfied that the value is below the reasonable cash market value of such property, he shall at once place on said rendition opposite each

. 142

piece of property so rendered an amount equal
to the reasonable cash market value of such
property at the time of its rendition, and if
such property shall be found to have no market
value by such officer, then at such sum as said
officer shall deem the real or intrinsic value
of the property; and if the person listing
such property or the owner thereof is not satis-
fied with the value placed on the property by
the assessor, he shall so notify the assessor,
and if desiring so to do make oath before the
assessor that the valuation so fixed by said
officer on said property is excessive; such
officer to furnish such rendition, together with
his valuation thereon and the oath of such per-
son, firm or officer of any corporation, if any
such oath has been made, to the commissioners'
court of the county in which said rendition was
made, which court shall hear evidence and de-
termine the true value of such property on
January First, 19____ (here give year for which
assessment is made) as is herein provided; such
officer or court shall take into consideration
what said property could have been sold for
any time within six months next before the
first day of January of the year for which the
property is rendered."

Your question concerns the meaning of the words "at
once" as used in the above statute. The term has been before
the courts frequently in the construction of contracts. See
Words & Phrases, Permanent Edition, Vol. 4, pp. 682-688;
5 C. J. 1439. It should not be taken in its strictest literal
sense, when to do so would require impossible instantaneous
action. J. C. Smith & Wallace Co. v. Lunger, 46 A. 623,
N. J.; Ford v. Friedman, 20 S. E. 930, W. Va. In many cases
it has been held to require action "within such reasonable
time as shall be required, under all the circumstances, for
doing the particular thing." Words & Phrases, supra, p. 688,
and cases there cited. It is sometimes said to require
greater celerity of action than is ordinarily comprehended
by a reasonable time. 5 C. J. 1439, footnote 90. In Virginia
Hardwood Lumber Co. v. Hughes, 124 S. E. 283, Va., it was held
to denote "a prompt and immediate" shipment. In Gladney Mill-
ing Co. v. Dement, 230 S. W. 1038, the term when used in a

contract was held to be ambiguous, subject to parol testimony as to its meaning. It was there said that "such orders have a far more restricted meaning than the term 'reasonable time'." The court cites Bowser v. Atkinson, 143 S. W. 75, Mo. Apps. From the opinion in the Missouri case we quote as follows:

"Our conclusion is that the term 'at once', 'forthwith,' or any similar term when used in a contract for the purchase of goods, to designate the time when the goods are to be shipped has a more restricted meaning than the term 'reasonable time.' We do not think it should be held to mean a time simultaneous with the execution of the contract, for that would often be impossible; but it does mean, in the absence of anything to qualify it, that all reasonable haste consistent with fair business activity should be used in filling the order and making the shipment. . . ."

In the situation which you inquire about instantaneous action could hardly be contemplated. In many instances the tax assessor will not be prepared to fix the value of a piece of property the moment it is rendered. He may have a very good reason for believing that the property owner is under-valuing the property, but some investigation or inquiry may be necessary before he will be satisfied to set down the value. Since Article 7213, Revised Civil Statutes, pronounces the failure of the tax assessor to comply with the concerned provision a malfeasance and makes it ground for his removal, manifestly the words "at once" cannot be given such a meaning as to make compliance on the part of the assessor impossible. On the other hand, we think reasonable haste is required. The time within which the assessor may perform this function may conceivably vary slightly under different circumstances. If the assessor is prepared to fix the value at the time the rendition is made he should then make the notation. If not, in accordance with the above suggestions, he can do so later. But, he must bear in mind that under no circumstances can he delay his action so as to prejudice the right of the taxpayer to make his controverting affidavit and have the same delivered to the commissioners' court for use when sitting as a board of equalization.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 22, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

C.G.:GO

By

Glenn R. Lewis

Glenn R. Lewis
Assistant