IN THE MATTER OF THE SUSSEX TRUST COMPANY, EXECUTOR OF THE ESTATE OF LEVIN S. HEARN.

*Sussex, November 6, 1937.*

RICHARDS, J., sitting.

*Caleb M. Wright,* for exceptant.

*Frank M. Jones,* for executor.

RICHARDS, Judge: The question raised by this exception involves a construction of a statute passed by the Legislature in 1933 (Act Gen. Assem. April 6, 1933, 38 *Del. Laws, c.* 185), providing that the widow of any decedent shall be entitled to receive out of his estate, cash up to the amount of Five Hundred Dollars ($500). This is generally referred to as the widow's allowance.

In making this allowance the draftsmen of the statute employed these words:

"The widow of any decedent shall be entitled to receive and the executor or administrator shall pay to her, as soon as conveniently may be during the year of administration, cash up to the amount of $500.00 out of the estate of the decedent, which payment shall take priority over all unsecured debts, expenses, legacies, taxes, and all other unsecured claims against the estate of the decedent. The foregoing provision shall not affect any other rights to which she may be entitled either under the will of her husband or the provisions of the intestacy laws of this State."

The amount to which the widow is entitled is fixed and definite. Neither are there any conditions attached to it, nor is it necessary to have the reasonableness thereof determined by the Register or any other agency. She can demand this sum of Five Hundred Dollars at any time after the executor or administrator is appointed; and there is nothing to prevent it being paid to her. It is quite true that under the terms of the statute, the executor or administrator might wait a year before making payment, yet he is not required to do so. In a case like this, where the in-

ventory showed personal property amounting to Twelve Hundred and Twenty-Two Dollars and Forty-Three Cents, there seems to be no reason why it should not have been paid promptly.

We should bear in mind that this payment to the widow, takes priority over all unsecured debts, expenses, legacies, taxes, and all other unsecured claims against the estate of the decedent. In addition to that, it is not affected by any other rights to which she may be entitled, either under her husband's will or by the intestate laws of the State. The widow lived nearly a year after the death of her husband, during which time One Hundred and Fourteen Dollars and Eighty-Seven Cents was paid to her creditors by the executor at her request. No explanation has been made why the remaining sum to which she was entitled was not paid.

This is a comparatively new statute and the question involved is being raised for the first time.

Laws exist in other states under which an allowance can be obtained by the widow of a decedent, and these laws have been passed upon by the courts. The decisions above referred to have not been found particularly helpful in this case, as the statutes under consideration were not of the same character.

While there seem to be two distinct lines of decisions on the point, yet the existing statute in the particular state was largely controlling.

In the leading case of *Adams v. Adams, 51 Mass.* (10 *Metc.*) 170, Chief Justice Shaw expressed the opinion that the allowance was of a temporary nature and personal in its character, and conferred no absolute or contingent right of property.

The case of *Drew v. Gordon, 95 Mass.* (13 *Allen*) 120, followed the case of *Adams v. Adams,* holding the widow having failed to select from her deceased husband's per-

sonal estate, the allowance up to Two Hundred and Fifty Dollars made her by the probate court, the same could not be claimed by her personal representative after her death. The statute involved in these cases contained this provision:

"Such parts of the personal estate of a person deceased as the probate court, having regard to all the circumstances of the case, may allow as necessaries to his widow, for herself and family under her care." (*Gen. St. Mass.* 1860, *c.* 96, § 5).

*Carey v. Monroe,* 54 *N. J. Eq.* 632, 35 *A.* 456, and *Barnum v. Boughton, Adm'r.,* 55 *Conn.* 117, 10 *A.* 514, are based upon statutes authorizing the probate court to make an allowance for the widow. In both cases it is treated as a bounty for the benefit of the widow and those dependent upon her, but did not become a part of her estate after her death. The case of *In re Mulhollen's Estate,* 5 *Pa. Dist. R.* 70, takes the same position.

Such cases as *Bratney, Adm'r., v. Curry, Ex'r.,* 33 *Ind.* 399, *Johnson's Estate v. Johnson's Estate,* 41 *Vt.* 467, *Bane v. Wick,* 14 *Ohio St.* 505, *Dorah's Adm'r., v. Dorah's Ex'r.,* 4 *Ohio St.* 292, and *Brown v. Joiner,* 77 *Ga.* 232, 3 *S. E.* 157, differ with the view above expressed. In the case of *Bratney, Adm'r., v. Curry, Ex'r.,* the court took this position:

"It is contended by the appellant that the allowance of three hundred dollars which the statute makes to the widow is purely personal, and unless claimed during her lifetime, the right is gone and does not pass to her personal representatives. We cannot bring ourselves to adopt this construction of the statute, 1 *G & H* 295, *Sec.* 21. It seems to us that the right thus given is as full as the right of any distributee to the assets remaining for distribution after an estate has been settled; and we cannot, upon any sound rule of construction, limit it to the person of the widow."

The case of *Johnson's Estate v. Johnson's Estate,* 41 *Vt.* 467, makes a distinction between those cases in which the widow's right rests in the discretion of the probate court, and cases in which her right is regulated absolutely by law. There was a statute in Vermont providing that the widow should have such part of the personal estate of her intestate husband, as the probate court assigned to her,

which should not be less than one-third. Independent of that statute, the law gave her an absolute right to one-third of her intestate husband's personal property.

The facts were that the husband died intestate on the seventeenth day of March, and his widow died on the twenty-sixth day of March of the same year, before any proceedings had been taken in the probate court for the settlement of his estate. This language is found in the opinion of the court:

"The questions raised in this case have been made on statutes quite similar in other states, and it has been almost uniformly held, as will be seen by an examination of the cases cited by counsel, that, while the widow's right, so far as it rests in the discretion of the probate court, is personal to the widow, her right, so far as it is regulated absolutely by the law of descent and distribution, vests in her at the decease of her husband and passes to her representative even though she had not come into the enjoyment of the property before her decease."

This distinction between statutes of this character, made by the court in the above case, is a reasonable one and the conclusions adduced therefrom appear to me to be sound. It is not difficult to recognize the difference between an allowance for a widow, the amount of which is dependent upon her circumstances and left to the discretion of the probate court, and one where the amount is fixed by law. I am clearly of the opinion that the provision made for the widow by our statute falls within the latter class.

As stated above, the amount which the executor or administrator is directed to pay to her is fixed and definite, no court is required to pass upon it and no action is necessary in order to determine its amount. In addition, it takes priority over all unsecured claims against the estate of the decedent.

Upon the death of Levin S. Hearn, the right to be paid the sum of Five Hundred Dollars by his executor in preference to all unsecured claims vested in his widow, Mary L. Hearn, and survived to her administrator. There being a balance of Three Hundred and Eighty-Five Dollars and

Thirteen Cents, due her at the time of her death, said amount should be paid to her administrator.

The exceptions to the account are hereby dismissed and the costs taxed upon the exceptant.