ELIZABETH B. PIKE *v.* WILLIAM S. SATTERTHWAITE, Administrator of Alfred T. Pike, deceased.

(*October* 9, 1940.)

LAYTON, C. J., and TERRY, J., sitting.

*Southerland, Berl, Potter* and *Leahy* for plaintiff.

*Satterthwaite* and *Foulk* for defendant.

Superior Court for New Castle County, September Term, 1940.

LAYTON, C. J., delivering the opinion of the Court:

██ ██ It is well settled that where the language of a statute is plain, unambiguous and within the legislative power, there is no room for construction. In such case, Courts are obliged to give to the statute the exact meaning conveyed by its language, adding nothing and omitting nothing. *Brown Bros. & Co. v. Wilmington & Brandywine Leather Co.,* 9 *Del. Ch.* 39, 74 *A.* 1105; *State v. Foote,* 5 *W. W. Harr.* (35 *Del.*) 514, 168 *A.* 245; *Van Winkle v. State,* 4 *Boyce* 578, 91 *A.* 385, *Ann. Cas.* 1916*D,* 104. It follows that the Court may not create an exception to the positive terms of a statute where, from its language, none exists. *Lewis v. Pawnee Bill's Wild West Co.,* 6 *Penn.* 316, 66 *A.* 471, 16 *Ann. Cas.* 903; *Federal United Corp. v. Havender,* 23 *Del. Ch.* —, 11 *A.2d* 331.

The plaintiff is the widow of the intestate. The language of the Act is positive and unequivocal. In the absence of secured claims, and there are none, a widow is entitled to receive, and the representative of the estate is required to pay to her, out of the estate cash up to $500.00.

It may be supposed that the Legislature, viewing broadly the social aspect of the situation, has determined that the welfare of the State will be promoted by endeavoring to secure to widows a cash allowance out of the estate in addition to other rights accruing to them either under wills or statutes to aid them in their distress and to enable them to adjust themselves to new responsibilities. The statute does not, as do many statutes enacted in the aid of

widows, make the allowance subject to the discretion of a court of probate. The right created is an absolute right. It vests in the widow on the death of her husband and becomes an asset of her estate if she should die before payment. *In re Hearn's Estate,* 21 *Del. Ch.* —, 195 *A.* 367, 369.

■ ■ The fact that the plaintiff was living apart from her husband at the time of his death is no bar to her right. The statute does not withhold its bounty in such case. Nor is the defendant's refusal to pay to the plaintiff the statutory amount excusable on the ground that he has not in hand sufficient money to pay all claims and administration expenses. Specifically, the right of a widow under the statute is superior to all unsecured debts, legacies, taxes and expenses. The word "expenses" is of broad import; and as there is no reason to suppose that it was used in a narrow sense, it must be considered as embracive of administration expenses. See *Kingsbury v. Wilmarth,* 2 *Allen (Mass.)* 310; *Hooker v. Porter,* 273 *Mass.* 316, 173 *N. E.* 588; *In re May's Estate, (Tex. Civ. App.)* 43 *S. W. 2d* 306.

*Section* 3837 of the Code (as amended by *Ch.* 191, *Vol.* 41, *Del. Laws*) determines the order of payment of demands against decedent's estates. The amendment, while subsequent to the statute under discussion, makes no mention of the widow's statutory right. It is suggested that this right must give place to claims as ordered by the amending statute.

■ ■ The right of a widow under *Section* 3876 is not, however, a debt or demand against the estate in the usual significance of the terms. The right, or claim, does not arise from a concept of consent, express or implied, on the part of the decedent or his personal representative. Separate laws relating to the same subject matter must be reconciled if possible; and, in the absence of express words,

an earlier statute is not repealed or qualified by a later one except where the inconsistency is such that reconciliation is impossible. The provisions of the statutes are not inconsistent, and there is nothing to be reconciled.

It is suggested also, but without justification, that the Orphans' Court for Sussex County, speaking through Richards, J., has held that the right of a widow to the statutory allowance is not entirely unconditional. *In re Beauchamp's Estate*, 2 *A.2d* 900. But all that the Court decided in that case was that a widow domiciled in Maryland, to whom ancillary letters testamentary had been issued in Sussex County, was not entitled to claim the Delaware statutory allowance out of the assets of the estate found and administered on in the County.

Judgment for the plaintiff in the sum of $500.00.