ALFRED BRENNER, PROSECUTOR, v. CITY OF BAYONNE, THE BOARD OF COMMISSIONERS OF THE CITY OF BAYONNE AND CASIMIR TOKARSKI, DIRECTOR OF THE DEPARTMENT OF PUBLIC AFFAIRS OF THE CITY OF BAYONNE, RESPONDENTS.

Submitted May 2, 1944—Decided July 24, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Alfred Brenner, pro se.*

For the respondents, *William Rubin.*

The opinion of the court was delivered by

PORTER, J. The prosecutor, Alfred Brenner, seeks to set aside an ordinance of the City of Bayonne which purported to abolish the office of city counsel held by him. He was appointed to that office on March 25th, 1943, and occupied it until June 1st, 1943, when he was legislated out of office. by the adoption of the ordinance under review, which abolished the office. This action was taken by an entirely new Board of Commissioners, which was elected on May 11th, 1943, and took office on May 18th, 1943. Bayonne is governed under the provisions of the Walsh Act. *R. S.* 40:71, *et seq.*

The primary and controlling question seems to be whether the office of city counsel of Bayonne, a second class city, is created by statute and therefore may not be abolished by ordinance. The prosecutor relies on *R. S.* 40:171–109, which he contends makes mandatory that all cities of the second class shall engage city counsels and fixes the terms of office at three years. We do not so interpret this statute. It provides how offices in second class cities shall be filled and provides for the terms thereof. It says that the specified officers shall be "in lieu of and to be substituted for, and to act in the place of, and who shall in each case respectively be invested with and shall perform all the powers and duties of any such officers by whatsoever title they may be designated now by law to act therein;" and further provides that the terms of the first officers appointed under the act shall date from the time of the expiration of the terms of their predecessors. It is significant that the statute did not prescribe the duties of the offices but simply provided that the officers so appointed "shall perform the same duties and receive the same emoluments as are now provided by existing laws." It seems to us that this statute created no new offices but was for the purpose of replacing existing officers. This statute is a compilation of chapter 162, *Pamph. L.* 1894, *p.* 244; chapter 170, *Pamph. L.* 1900, *p.* 415; chapter 315, *Pamph. L.* 1911, *p.* 679. Reference to them was made in *Collins* v. *Sauer*, 89 *N. J. L.* 139, in these words: "It is plain that the general scheme of all these acts is to bring about in municipalities of a certain grade

of population uniformity in the government of them and as to how and by whom the officers of their various governmental departments shall be selected." Also compare *Owens* v. *Fury,* 55 *Id.* 1; *Varney* v. *Kramer,* 62 *Id.* 483; *In re Cleveland,* 52 *Id.* 189.

There is no other statute called to our attention by prosecutor which creates the office of city counsel; nor was there any ordinance of the city creating same. It follows, therefore, that the appointment of prosecutor was without legal authority, and he had no rights which were infringed by the action of the respondents in dismissing him.

Having reached this conclusion, it becomes unnecessary to consider other points argued.

The writ will be dismissed, but without costs.