10 N.J. Super. 140 (1950)
76 A.2d 830
CITY OF JERSEY CITY, APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE, STATE OF NEW JERSEY AND WILLIAM J. TIMNEY, JAMES F. MALONEY, EDWARD M. MALONE, JOHN J. MEEHAN, JOSEPH M. LEPIS AND FRANK A. VERGA, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1950.
Decided November 14, 1950.
*143 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Mortimer Neuman argued the cause for the appellant (Mr. John B. Graf, Corporation Counsel, City of Jersey City, attorney).
Mr. Edward A. Markley argued the cause for the respondents (Messrs. Markley & Broadhurst, attorneys; Mr. James J. Langan, of counsel and on the brief).
The opinion of the court was delivered by EASTWOOD, J.A.D.
The City of Jersey City appeals from an order of the Department of Civil Service, State of New Jersey (hereafter referred to as "the Department"), directing that the respondents, William J. Timney, James F. Maloney, Edward M. Malone, John J. Meehan, Joseph M. Lepis and Frank A. Verga, be restored to their pay and positions as legal assistants, effective as of August 20, 1949, on the ground that they had been illegally and summarily dismissed without any charges being preferred against them and without a hearing. William J. Timney filed a cross-appeal asserting that the Department erroneously failed to direct his reinstatement to the position of municipal court clerk.
On the certification of the city to the Department, the plaintiffs were recorded as holding the title of legal assistant, *144 which, under R.S. 11:22-26 was in the exempt division of the classified civil service. Timney was appointed January 2, 1935, as acting clerk of the First Criminal Court of Jersey City; on February 1, 1936, as legal assistant in the law department; on January 1, 1949, as clerk of the Municipal Court, Part I, and chief clerk of all parts, which appointments were certified to the Department as permanent. James F. Maloney, Edward M. Malone, Joseph M. Lepis, John J. Meehan and Frank A. Verga were appointed legal assistants on July 1, 1937, December 1, 1938, November 16, 1942, November 19, 1934, and December 1, 1946, respectively, and their appointments were duly certified to the Department. During the ensuing years, the budget ordinances of Jersey City contained items in the appropriation reading "Assistants to Corporation Counsel" and "Court Clerks and other Employees" and appropriated sums of money therefor from which the respondents' salaries were paid. Timney was notified on August 16, 1949, that his services in the Municipal Court were no longer required and he was directed to report to John B. Graf, Corporation Counsel, for assignment. On August 16, 1949, he was advised by the corporation counsel that after August 20th his services as legal assistant would be required no longer and he would be dismissed from his position as of that date. The other legal assistants were similarly notified by the corporation counsel by letters dated August 16, 1949, that their services would be terminated on August 20th. While not affecting the issue here, the commission adopted an ordinance on October 18, 1949, creating a law department, under the authority of which several legal assistants were appointed to perform duties similar to those theretofore performed by the respondents. Under the authority of the law known as the Walsh Act, the City of Jersey City adopted the commission form of government in 1913, and has been since governed thereby. At the election in May, 1949, an entirely new board of commissioners was elected and thereafter assumed office. It was the action of the new regime that brought about the dismissal of the respondents and the *145 adoption of an ordinance creating the aforementioned law department. The respondents appealed from their dismissal to the Department. Following a hearing, the Department directed that the respondents be restored to their positions and pay as legal assistants, holding, inter alia:
"The records of the Civil Service Department show that appellants were recorded as holding the title of Legal Assistant. At the time their appointments were recorded, the position of Legal Assistant was in the exempt division of the classified civil service pursuant to R.S. 11:22-26. They are protected by R.S. 11:21-6 and cannot be dismissed, except by the procedures set forth in the law."
The City of Jersey City contends that the Department was in error in restoring respondents to their positions, on the ground that they had never been lawfully appointed, either originally or at any time thereafter; that their appointments were a nullity, having been made by resolution, and that they were only de facto employees and never did nor could they acquire the status of de jure employees. The Department refused to pass upon the validity of their appointments, holding that it had no such jurisdiction.
In the briefs of the respective parties, considerable discussion is devoted to the applicability of P.L. 1894, c. 258, p. 385, and P.L. 1911, c. 175, p. 261, R.S. 40:171-115 et seq. However, we deem it unnecessary to discuss these acts for the reason that, at the argument, respondents conceded that they were not applicable to the issue here and the appellant, City of Jersey City, contended that the 1911 act was repealed in toto by P.L. 1920, c. 65, p. 117, R.S. 40:171-112 et seq. We are in accord with the view that the 1894 and 1911 acts have no applicability to this issue. The act of 1920 (P.L. 1920, c. 65, p. 117), which we think is controlling, provides as follows:
"1. In each city of the first class in this State there shall be established a law department, which shall consist of a city or corporation counsel, appointed by the governing body of such city, a private secretary, appointed by the city or corporation counsel, and two assistant city or corporation counsels, and as many legal assistants, clerks and other employees as the city or corporation counsel, with the consent *146 of the governing body, shall appoint. Such assistant city or corporation counsels and private secretary shall be removable at the pleasure of the city or corporation counsel, but the legal assistants, clerks and other employees shall be deemed to be within purview of an act entitled `An act regulating the employment, tenure and discharge of certain officers and employees of this State, and of the various counties and municipalities thereof, and providing for a Civil Service Commission, and defining its powers and duties,' approved April tenth, one thousand nine hundred and eight, and the acts supplementary thereto and amendatory thereof, and shall not be removed except as in said act provided.
"2. The city or corporation counsel shall be chief law officer of the city, and attorney or solicitor of record in all court proceedings wherein the city or any of its officers, boards, bodies or commissions, by reason of any suits growing out of their official position, shall be a party. He shall advise all city officers and bodies of any matters relating to city government, when requested to do so, and shall supervise the preparation of all contracts deeds and other documents and all statutes, ordinances and resolutions referred to the law department for preparation. The other members of the law department shall perform such duties therein as may from time to time be assigned to them by the city or corporation counsel."
On July 25, 1921, the then corporation counsel notified the board of commissioners in writing that he had appointed the first and second assistant corporation counsel and four legal assistants, "subject to your approval and in accordance with c. 65, P.L. 1920." By resolution of the commission, the appointments and salaries were confirmed. The subsequent appointments of the legal assistants whose positions are involved in this litigation, were similarly made by the corporation counsel and their appointments and salaries were approved by resolution of the board of commissioners.
The City of Jersey City contends that the appointments in question never had any legal efficacy, having been accomplished by resolution of the board of commissioners; that it required the adoption of an ordinance to implement the statute; that notwithstanding the fact that the 1920 law is silent as to the method to be pursued in order to effectuate its objective, it was bound by the provisions of the Home Rule Act of 1917, R.S. 40:48-1; that the 1920 act in the respect is in pari materia with the Home Rule Act, and the latter act expressly provides that the creation of municipal offices or positions *147 and the fixing of salaries therefor shall be by ordinance. The respondents contend that the 1920 act, having been enacted subsequent to the Home Rule Act, is complete in every respect so far as the subject matter contained therein is concerned; that it created the law department without the necessity for any enabling municipal legislation; that where an act is silent as to the method to be followed by the governing body to effectuate the purpose of the statute, it may be accomplished by resolution or ordinance; that the appointments of the corporation counsel, the two assistants and the legal assistants made by the corporation counsel, approved by the board of commissioners, constituted the law department in conformity with the act in question; that the result thus achieved by resolutions of the board of commissioners was legally valid.
The City of Jersey City correctly contends that where an office or position is created by a municipality, it must be done by ordinance and it is invalid if it is accomplished by the adoption of a resolution by the governing body, citing Davaillon v. Elizabeth, 121 N.J.L. 380 (Sup. Ct. 1938); Handlon v. Town of Belleville, 4 N.J. 99 (Sup. Ct. 1950), and other cases in support thereof. Our review of these cases convinces us that they deal with positions not created by statute, but those within the discretionary authority delegated to the governing body either by the Home Rule Act or other statutes. The pertinent portion of the Home Rule Act (R.S. 40:48-1 (3)) respecting the creation of municipal offices and positions provides that the municipality:
"Prescribe and define, except as otherwise provided by law, the duties and terms of office or employment, of all officers and employees; and to provide for the employment and compensation of such officials and employees, in addition to those provided for by statute, as may be deemed necessary for the efficient conduct of the affairs of the municipality;".
"It is settled law that under R.S. 40:48-1, a municipal office or position, if not created by statute, can come into being only by ordinance of the local governing body. The sense of the *148 statute is that, because the creation of offices and positions involves an increase of the financial burden of local government, the power is exercisable only by ordinance, a deliberative process requiring notice to the public." Handlon v. Town of Belleville, supra. The Handlon case dealt with the appointment of a recorder and Mr. Justice Heher, speaking for the Supreme Court, said: "We do not perceive in these provisions (R.S. 2:225-1 and R.S. 2:16-4) a legislative direction for the appointment of a clerk of the local court, even though the post be deemed unnecessary. The need is a matter for the discretion of the local authority. We find in the cited act no suggestion of a legislative determination of the need without regard to local conditions." (Parenthesis ours.) The 1920 act not only creates the law department and the specific positions constituting same, but also describes the duties of the corporation counsel, delegates to him power to appoint the two assistant city or corporation counsel as well as a private secretary, the legal assistants, clerks and other employees "* * * as the city or corporation counsel, with the consent of the governing body, shall appoint." The act further provides that "Such assistant city or corporation counsels and private secretary shall be removable at the pleasure of the city or corporation counsel, but the legal assistants, clerks and other employees shall be deemed to be within purview of an act entitled `An act regulating the employment, tenure and discharge of certain officers and employees of this State, and of the various counties and municipalities thereof, and providing for a Civil Service Commission, and defining its powers and duties,' approved April tenth, one thousand nine hundred and eight, and the acts supplementary thereto and amendatory thereof, and shall not be removed except as in said act provided;" further, that "The other members of the law department shall perform such duties therein as may from time to time be assigned to them by the city or corporation counsel." It follows, therefore, as a corollary that the positions were created by the 1920 act.
*149 The appellant contends that the language of the 1920 act merely authorizes the city to set up the law department; that it is not mandatory; that the word "shall" in the act is to be construed as "permissive," citing the case of Orange v. Goldberg, 137 N.J.L. 73 (Sup. Ct. 1948). The Goldberg case is to be distinguished from the case at bar. In that case, it was held that Goldberg was not legally appointed originally, his appointment to the office having been made merely in writing by a then director of the public works in the municipality. There is nothing in the opinion to indicate that there was any action of the governing body, either by resolution or ordinance, appointing Goldberg to the position of assistant city counsel or that his position was created by statute. The appellant also relies upon the case of Brenner v. Bayonne, 132 N.J.L. 47 (Sup. Ct. 1944); affirmed, 132 N.J.L. 469 (E. & A. 1945). The Brenner case is also distinguishable from the case at bar, in that while the statute applicable there, R.S. 40:171-109, provided that all cities of the second class shall engage city counsel and fix the terms of their office at three years, the court held that it merely provided "* * * how offices in second class cities shall be filled and provides for the terms thereof. * * * It is significant that the statute did not prescribe the duties of the offices but simply provided that the officers so appointed `shall perform the same duties and receive the same emoluments as are now provided by existing laws.' It seems to us that this statute created no new offices but was for the purpose of replacing existing officers." Mr. Justice Trenchard, in Haythorn v. Van Keuren & Son, 79 N.J.L. 101 (Sup. Ct. 1909), states the settled rule, viz.:
"The presumption is that the word `shall' in a statute is used in an imperative and not in a directory sense. If a different interpretation is sought, it must rest upon something in the character of the legislation or in the context which will justify a different meaning. 25 Am. & Eng. Encycl. L. (2d Ed.) 633.
"There is nothing in the language of the section to indicate that the word `shall' was used in a permissive sense, * * *."
*150 Appellant concedes that the four sections of the 1920 act (including the repealer, section 4) constitute "a comprehensive, systematic, and self-contained charter, so to say, for the law departments of first class cities." We concur except insofar as it fails to fix salaries.
Appellant argues a further ground for reversal, viz.: that the positions of the respondents were invalid in that no ordinance fixing their salaries was ever adopted. The respondents argue that while the 1920 statute does not require a salary ordinance, during each of the years that they served as legal assistants, budget ordinances were enacted by the city appropriating the sums of money necessary to pay their salaries and, therefore, assuming arguendo that a salary ordinance was necessary, the budget ordinances satisfied the requirements of the Home Rule Act. Although we have concluded that the 1920 act created the positions in question, in order to make the appointments of the respondents legally effective, it was essential that another and further step be undertaken by the governing body, to wit: the adoption of an ordinance fixing the salaries for these positions. To constitute the respondents as de jure employees, they could not rely solely on the statutory creation of their positions under the 1920 act. The act in question made no provision for the fixing of salaries; therefore, the provisions of the Home Rule Act of 1917 became applicable. The 1920 act and the provisions of the Home Rule Act (R.S. 40:46-23; as amended, P.L. 1948, c. 282, p. 1188 and R.S. 40:48-1) are unquestionably in pari materia. R.S. 40:46-23, as amended, provides:
"The governing body may, by ordinance, notwithstanding any maximum or minimum limitation fixed by statute, fix and determine the salaries, wages or compensation to be paid to each officer and employee of the municipality who, by law, is entitled thereto, except the members of the governing body and mayor or other chief executive officer therein, * * *."
The salary of each of the respondents was fixed by resolution at the time of their respective appointments. The annual *151 budget ordinance, relied upon by respondents, could not in itself be characterized as a salary-fixing ordinance. The purpose of an annual municipal budget is to appropriate and provide the necessary monies for the payment of salaries and other administrative expenses during the year for which the budget is adopted. A reference to the annual budgets of Jersey City for the years in question disclose, inter alia, that appropriations in a lump sum were set up for the payment of salaries of those designated as "Assistants to the Corporation Counsel." No specific mention of the names of the respondents is made therein nor to the amount of salary to be paid them. The budget ordinance did not satisfy the statutory requirement. Van Brookhoven v. Kennedy, 125 N.J.L. 178 (Sup. Ct. 1940); affirmed on Supreme Court opinion, 125 N.J.L. 507 (E. & A. 1941). To give legal vitality to the positions in question, it was mandatory that the municipality, as an integral part of the action required to be undertaken by it, adopt a salary ordinance. Such an ordinance not having been adopted, the respondents are not entitled to the claimed positions. Toomey v. McCaffrey, 116 N.J.L. 364 (Sup. Ct. 1936); Davaillon v. Elizabeth, 121 N.J.L. 380 (Sup. Ct. 1938); Hale v. Town of Kearny, 99 N.J.L. 334 (Sup. Ct. 1924).
As to respondent Timney's cross-appeal, we find no merit therein. His appointment on January 1, 1949, as clerk of the Municipal Court, Part I, and chief clerk of all parts, was made pursuant to an ordinance adopted under the authority of P.L. 1948, c. 264, amended, P.L. 1948, c. 394 (R.S. 2:8A-1 et seq.). Under that act, the municipality was authorized (a) to provide for a clerk of the municipal court and to provide for compensation and (b) to designate any officer or employee of the municipality to serve as a clerk of the municipal court with or without additional compensation. Timney was "designated" to act as such clerk. Later, his designation was revoked and he was returned to his position as legal assistant. He had not resigned his position as legal assistant nor was that position terminated when he was *152 designated as clerk to the courts. Almost immediately after his designation as clerk had been terminated, he was dismissed as legal assistant. Under our determination, Mr. Timney is not entitled to restoration either to the position of court clerk or legal assistant.
The order of the Civil Service Department is reversed, without costs.