## In re ADOPTION of A.

Supreme Court of Delaware.

Feb. 3, 1967.

Garry G. Greenstein, of Wahl, Greenstein & Berkowitz, Wilmington, for appellants.

Anthony F. Emory, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from an order of adoption of the Orphans' Court. The child involved is illegitimate. Two petitions were simultaneously before the Orphans' Court. The first in time was filed by the putative paternal grandparents of the child, to which petition was attached a written consent to adoption by the child's natural mother. The second was filed by the putative father of the child and his wife, not the mother of the child.

Subsequent to the filing of the grandparents' petition, the putative father successfully petitioned to terminate the parental rights of the mother, and followed that termination with his petition for adoption.

Upon consideration of the testimony, the Orphans' Court found that both sets of petitioners are qualified under the statute to adopt and both are able to maintain, care for, and educate the child. Adoption was granted to the grandparents, with whom the child was then living, because in the court's opinion the child's welfare and best interests would thus be provided for with as little uncertainty as possible. The court relied on Nelson v. Murray, Del., 211 A.2d 842, a decision of this court in a child custody action.

13 Del.C. § 915, provides that a decree of adoption shall be entered on a petition if the petitioners are qualified to maintain, care for and educate the child, and if the "best interests of the child will be promoted by the adoption." We think that this statutory provision makes it clear that the primary consideration in an adop-

tion proceeding is what will best serve the interests of the child. See In Re Adoption by J. B., 63 N.J.Super. 98, 164 A.2d 65, applying a similar statutory provision in New Jersey.

We think that under 13 Del.C. § 915, the trial judge was correct in determining that one set of petitioners rather than the other was entitled to a decree of adoption based upon a consideration of what decision was in the best interest of the child. We have reviewed the record in this respect and are of the opinion that his decision to award adoption to the grandparents is in the best interest of the child.

The putative father of this illegitimate child, however, argues that when the mother's parental right in a child have been terminated, he, as the natural father, if a fit person, has a superior right to the care, custody and control of the minor illegitimate child as against all other persons. It is argued, accordingly, that it was an error of law to award adoption to the child's paternal grandparents in disregard of the putative father's superior right.

We think, however, to the contrary. At common law, a bastard was *filius nullius,* the child of nobody, and had no father known to the law; and, indeed, at common law he had no mother. He had no right of inheritance. 10 Am.Jur.2d, Bastards, § 8. This rule was taken over as a part of the common law prevailing in the State of Delaware. Burris, Adm'r v. Burgett, 16 Del.Ch. 10, 139 A. 454.

This being the rule of the common law, it may be changed only by act of the General Assembly. As a matter of fact, the General Assembly has by statute, i. e., 13 Del.C. § 1302, to some extent, mitigated the harshness of the common law rule as to illegitimates with respect to eligibility to inherit property. It is significant, however, that this has been done only with respect to inheriting through the mother. Estate of Klingaman, 36 Del.Ch. 200, 128 A.2d 311.

No statutory change in the common law rule has been made, however, with respect to the relation between an illegitimate child and his putative father, although there is statutory provision made (13 Del.C. § 1301) whereby a father can legally acknowledge his illegitimate child by an acknowledgment filed in the office of the Prothonotary. But, even so, an illegitimate child so acknowledged, by reason of 13 Del.C. § 1304, may not inherit from his father if that is the sole acknowledgment of paternity.

We think it regrettably clear that only in minor respects of inheritance has the General Assembly mitigated the harshness of the common law with respect to bastards. This being so, the putative father has no rights in his illegitimate child, and, indeed, he is not even entitled to notice of any proceedings looking toward the adoption of the child. 2 Am.Jur.2d, Adoption, § 26. It follows, therefore, that the father of this child has no superior right to adopt his putative son.

The judgment below is affirmed.