**Peter P. MAKIN, Petitioner,**

**v.**

**Gladys B. MACK, Respondent.**

Court of Chancery of Delaware.

Submitted March 13, 1975.

Decided March 27, 1975.

Henry duPont Ridgely, Ridgely & Ridgely, Dover, for petitioner.

James H. Hughes, III, Dover, for respondent.

BROWN, Vice Chancellor.

Petitioner has moved for summary judgment in this action brought by him pursuant to 10 Del.C. § 6501 seeking a declaration of the present rights and legal relations of the parties stemming from a written lease for farmlands and subsequent annual renewals thereof.

The essential facts are not in dispute. Respondent is the owner of some 152 acres of farmland located in Kent County. On December 16, 1964, she and the petitioner entered into a written lease agreement whereby respondent leased the farmland to the petitioner for a term beginning January 1, 1965, and ending December 31, 1968. The amount of the rent was $25 per acre per year, with one-half the annual sum to be due on January 1 and the remaining one-half due on November 1 of each year of the rental term or any extension or renewal thereof.

Although petitioner had the right to renew the lease for an additional three-year period upon written notice of his intention to do so, such written notice was never given. Nonetheless, petitioner continued to farm the land and pay the stipulated rental to the respondent, which she accepted without question, from 1969 through 1974. On October 17, 1974, prior to the due date for the balance of that year's rent, respondent gave petitioner written notice that "our Farmland Rent Agreement is terminated." The original written lease contained the following clause:

"As to the termination of this lease, or any extension or renewal thereof, the parties shall be bound by the existing statutes of the State of Delaware with reference to the notice of termination."

Petitioner contends that the notice of termination was not timely and was thus ineffective to prevent the renewal of the lease for the calendar year 1975. Respondent has made arrangements to lease her lands to another for this present year at twice the rental paid by petitioner, which she claims she has right to do. Thus it appears that an actual controversy does exist and, since planting time has all but arrived, it appears that the matter is ripe for judicial determination by a declaratory judgment proceeding, Marshall v. Hill, Del.Super., 8 Terry 478, 93 A.2d 524 (1953); Pulsifer v. Walker, 85 N.H. 434, 159 A. 426 (1932).

The sole question for decision is whether the notice of termination given by the respondent some two and one-half months prior to the end of 1974 is sufficient under the present status of the law. This question has been precipitated by the enactment of the new Delaware Landlord-Tenant Code of 1972.[1]

Prior to the adoption of the new Landlord-Tenant Code 25 Del.C. § 5105(b) provided that as to any demise of farmlands in Kent County which were used by the

---

1. 58 Del.Laws Ch. 472, approved June 20, 1972 and effective 90 days thereafter.

tenant as a "crop share tenant" or for the purpose of maintaining a livelihood from such lands, notice of termination had to be given in writing by either party "six months, or upwards, before the end of the term"; otherwise, the lease was extended for a further term of one year on the same terms and conditions. However, by Section 1 of 58 Del.Laws Ch. 472 it was provided that Title 25 of the Delaware Code was amended, *inter alia,* "by striking Chapters 51 [and others] in their entireties . . . and substituting in lieu thereof the following: * * *." Thereafter the several new chapters of the Landlord-Tenant Code, including a new Chapter 51, were set forth.

The stated purpose of the new statutes was to simplify and clarify the law governing landlord and tenant relationships, to upgrade the quality of housing in the State, and "to revise and modernize the law of landlord and tenant to serve more realistically the needs of a modern day society." In 25 Del.C. § 5103 the applicability of the new Act was said to be as follows:

"This Act shall regulate and determine all legal rights, remedies, and obligations of the parties and beneficiaries of *any rental agreement of a rental unit within this State,* wherever executed. * * *." (Emphasis added.)

Under the definitional provisions a "rental unit" includes a "farm unit" and a "farm unit" is "a rental unit used by a tenant for agricultural purposes to maintain a livelihood."[2] Thus, by its terms, the Landlord-Tenant Code purports to cover farm leases as well as all other leasehold agreements on a statewide basis. It can also be seen that the new definition of a "farm unit", as used for rental purposes, does away with any reference to a "crop share tenant" as was previously contained in 25 Del.C. § 5105(b), thereby broadening

the term to cover all rented lands utilized by the tenant to maintain a livelihood, whether accomplished on a crop share basis or otherwise.

· Thereafter appears the following language of § 5501 of the Act, now recodified as 25 Del.C. § 5107:

"(a) No rental agreement, unless in writing shall be effective for a longer term than 1 year.

"(b) Where no term is expressly provided, a rental agreement for premises *other than a farm unit* shall be deemed and construed to be for a term of 1 month.

"(c) All rental agreements for premises *other than a farm unit* may only be terminated upon a minimum of 60 days notice by either party prior to the expiration of the term, unless otherwise provided herein." (Emphasis added.)

In addition, 25 Del.C. § 5108 states that "[w]here a rental agreement, *other than for farm unit,* is for 1 or more years" and neither party gives the other notice to terminate "60 days or upwards before the end of the term", the rental term shall thereafter be by the month and all other stipulations of the rental agreement shall continue in effect. There appears to be no other reference to farm units throughout the balance of the Landlord-Tenant Code. Thus it must be assumed that the General Assembly felt that in order to realistically modernize the landlord and tenant laws the most progressive thing to do with regard to farm leases was to repeal preexisting statutes which pertained to them, include them generally within the new law but specifically except them from any statutory provisions governing notice of termination and automatic renewals. This seems indeed strange in view of the fact that there is in excess of 3,700 farms situated in

---

**2.** These definitions have now been recodified as 25 Del.C. § 5102(9) and § 5102(3) respectively and the original purpose clause of § 5102 has been omitted.

Delaware,[3] of which more than a few are rented.

Petitioner argues that since the new Code specifically excepts farm leases from the application of the new notice of termination and renewal statutes, and makes no reference to termination and renewal of farm leases, it must be assumed that the General Assembly did not intend to repeal the former § 5105(b), and that consequently this former statute, with its 6 month notice requirement, somehow still lives and controls the present controversy. However, this cannot be. The opening language of 58 Del.Laws Ch. 472 clearly repeals the former 25 Del.C. Ch. 51 in its entirety (except for certain portions not pertinent here) [4] and thus § 5105(b) along with it. While an act of express repeal may be construed so as to avoid an absurd, disruptive and obviously unintended result, 1A Sands, Sutherland Statutory Construction (4th Ed. 1972) § 23.06, it is equally well established that where a repeal is clearly stated by the legislative act the courts have a responsibility to follow and apply the legislative will as expressed. 1A Sutherland Statutory Construction, supra, § 23.07. Compare Lewis v. Pawnee Bill's Wild West Co., Del.Supr., 6 Pennewill 316, 66 A. 471 (1907); Pike v. Satterthwaite, Del.Super., 1 Terry 595, 15 A.2d 430 (1940). For the reasons set forth hereafter it does not appear that the clear repeal of the former 25 Del.C. Ch. 51 gives rise to such harsh consequences as would prompt a search for a legislative meaning contrary to that expressed in the repealing provisions of 58 Del.Laws Ch. 472.

It is without question that Delaware is a common law state, Fields v. Synthetic Ropes, Inc., Del.Super., 211 A.2d 617 (1965), reversed 215 A.2d 427, on remand 219 A.2d 374, and, unless changed by statute, the English common law existing at the time that this State came into being remains in force. Shellhorn & Hill, Inc. v. State, Del.Supr., 187 A.2d 71 (1962). It is further firmly established that the rule of common law may only be changed by act of the General Assembly, In re Adoption of A, Del.Supr., 226 A.2d 823 (1967), and that repeal of common law rights and duties is not favored and is to be announced only in clear cases. Cohen v. Krigstein, Del.Super., 10 Terry 256, 114 A.2d 225 (1955). It is not to be presumed that a change in the common law was intended beyond that which is clearly indicated by express terms or by necessary implication from the legislative language used. Associated Transport v. Pusey, Del.Super., 10 Terry 413, 118 A.2d 362 (1955).

Furthermore, it is an accepted principle of statutory construction that a legislature is presumed to know the common law before a statute is enacted and that consequently the repeal of a statute, even though declaratory of it, revives the common law as it was before the statute. 2A Sutherland Statutory Construction, supra, § 50.01. Also the maxim *inclusio unius est exclusio alterius*, that the mention of one thing implies the exclusion of others, may have less force where that which its application would abrogate is a rule of common law. 2A Sutherland Statutory Construction, *supra,* § 50.05.

Here the new Landlord-Tenant Code has expressly repealed the statute requiring 6 months notice to terminate a lease of farmland in Kent County for one or more years and has replaced it with statutes which provide that except as to farm leases a lease for a period of one year can be terminated on 60 days notice by either party or else it continues on thereafter as a lease by month to month. Respondent suggests that by so doing, and by making no specific provision

---

3. Delaware Statistical Abstract—1974, Table 103, p. 165.

4. See 58 Del.Laws Ch. 472, Section 4.

for the rental of farm units, the General Assembly intended that a farm lease could be terminated on less than 60 days notice, or, logically extended, on 24 hours notice. When one considers the advance planning, soil preparation and financial commitment that a farm tenant normally must undertake with regard to a forthcoming crop season, I cannot conceive that the General Assembly intended to accord him less notice than one renting an apartment if its true purpose was to realistically modernize landlord and tenant relations. Those who fight the soil and the whims of nature in order to maintain a livelihood from rented farmland deserve something more than a status of the law under which, as their existing rental term winds through its final weeks, they must live in fear that on any given day they may receive word from their landlord that the land will not be theirs to use for the forthcoming year. If this is really what the General Assembly means, it should say so in clear terms. It is not such a departure from existing statutory and common law rights as lends itself to change by implication under the present circumstances.

■ I conclude that by repealing 25 Del.C. Ch. 51 insofar as it pertained to the lease of farmlands in Kent County, and by specifically excepting the rental of farm units from the general notice of termination, renewal, and holdover provisions of the new Landlord-Tenant Code without making separate provision for the rental of farm units elsewhere, the General Assembly, as of 1972, caused the requirements as to termination and renewal of farm leases, at least as to Kent County, to revert to and be governed by the principles of the common law in the absence of express contractual language between the parties to the contrary.

Turning then to the undisputed facts of this case, petitioner made no effort to renew the original lease before its expiration nor did respondent give him 6 months notice to quit as then required by 25 Del.C. § 5105(b). Thus, pursuant to that statute, the lease was extended on the same terms for another year. The same held true for each year thereafter through 1972, with petitioner remaining in possession and respondent accepting the rent. During 1972 the Landlord-Tenant Code repealed § 5105(b) and, as I have concluded, revised the common law applicable to such a situation.

■ At common law, where a tenant under a term for a year or longer holds over after the expiration of his term, and continues to pay rent computed on an annual basis which is accepted by his landlord, the creation of a new tenancy is inferred which thereafter becomes a tenancy from year to year. 1 Tiffany, Real Property (3rd Ed. 1939) § 183; 51C C.J.S. Landlord & Tenant § 136(1); 49 Am.Jur. 2d, Landlord & Tenant § 1139. Thus, since the petitioner continued in possession during 1973 and 1974 and paid the annual rentals which again were accepted by respondent, he was in possession as a tenant from year to year at the time he was given notice of termination by respondent in October 1974.

As to such a tenancy, the common law rule requires that at least 6 months notice must be given by either party in order to terminate the leasehold relationship. This was the English rule. 1 Tiffany, Real Property, *supra,* § 173; 51C C.J.S. Landlord & Tenant § 142(2); 50 Am.Jur.2d, Landlord & Tenant § 1207. Compare Larkin v. Avery, Conn.Supr., 23 Conn. 304 (1854) and see Gladwell v. Holcomb, 60 Ohio St. 427, 54 N.E. 473 (1899) where it is noted that this requirement of English common law had its origin in agricultural tenancies.

■ The notice given by the respondent here was less than three months prior

to the end of the year to year term. As such, it was insufficient under common law principles just as it would have been under 25 Del.C. § 5105(b), the statute which governed the parties as to notice of termination prior to its repeal. Petitioner therefore has right to the use of respondent's farmland for the calendar year 1975 upon compliance with the same rental terms and stipulations as have heretofore existed between them. Respondent may hereafter terminate the tenancy by giving petitioner proper notice more than 6 months prior to the end of the present year.

Counsel for petitioner is directed to present an order, on notice, within 10 days.