127 A.2d 468 (1956)
In the Matter of Gerald FUSCO a minor child.
Orphans' Court of Delaware, New Castle.
August 16, 1956.
Joseph H. Flanzer, Wilmington, for petitioner.
E. N. Carpenter, II, Wilmington, for Catholic Welfare Guild, Inc.
LAYTON, Judge.
This is a petition praying for an Order revoking an Order by this Court dated February 29, 1956, terminating the parental rights of this petitioner over Gerald Fusco, a minor child. The petitioner and her husband were divorced and, as an incident to the divorce, custody of the minor child was granted to petitioner. Thereafter, petitioner placed the child with the Catholic Welfare Guild, Inc., for the *469 purpose of adoption and at the same time both she and the natural father signed consents to the termination by this Court of her parental rights over the child. On February 29, 1956, this Court entered an Order terminating the petitioner's parental rights. On April 11, of this same year, she petitioned to have the Order of February 29 revoked upon the ground that, upon mature reflection, she had changed her mind.
Petitioner is 18 years old. The child has not, as yet, been placed with a family for adoption. Nevertheless, the Catholic Welfare Guild resists the application upon the ground that the Order terminating petitioner's parental rights was final.
Title 13, Del.C. §§ 901-955 provides for the adoption of children upon petition to this Court accompanied by the consent of the parent or parents, and an investigation and report of an authorized agency showing (1) that the adopting parents are suitable and (2) that the child has been in this home under supervision by the agency for a period of one year.
In order to facilitate adoption proceedings, 13 Del.C. §§ 1101-1110 sets up a proceeding for the termination of parental rights prior to the petition for adoption. This is accomplished by the filing of a petition by the parents or other person having the custody of the child. This petition may be, and usually is, accompanied by a formal, notarized writing by the parents or other person having legal custody, consenting to the termination and waiving notice of a hearing. 13 Del.C. § 1109 states:
"At the conclusion of the hearing, the court, should it find the termination of existing parental rights and their transfer to be in the best interests of the child, shall make an order terminating such rights in the person or organization in which they have existed, and transferring them to some other person, or authorized agency, or the Department of Public Welfare. If a child is abandoned by one parent only, the rights of such parent may be terminated without affecting the rights of the other."
As a practical matter, a great majority of our adoption proceedings are now preceded by an Order terminating parental rights. When this Order is signed, the prospective adopting parents then petition for adoption under 13 Del.C. § 901 et seq., alleging that parental rights have been terminated and, upon a report from the proper agency to the effect that the prospective adopting home is suitable and that the child has been with the adopting parents for one year, a final Order of adoption is entered.
It must be remembered, however, that the termination proceeding is not a condition precedent to an adoption which may still be accomplished by proceeding under 13 Del.C. § 901 et seq., with the consent of the parent or parents. By 13 Del.C. § 909, this consent may be withdrawn by the parent or other person having custody of the child within sixty days of the filing of the petition for adoption. However, the Statute does not provide for the withdrawal of the formal, notarized consent contemplated by § 1105 of the proceeding for termination of parental rights. Does this omission point to a legislative intent to render completely final an Order terminating parental rights?
Title 13, Del.C. § 1101 et seq., seems to have been passed with the obvious intent of rendering the proceedings preliminary to adoption more stable. Thus, it is hardly likely that the Legislature intended that this Court should revoke an Order of termination entered pursuant to 13 Del.C. § 909, simply at the whim of the parent or parents. The question remains whether under no circumstances may such an Order be revoked. Cases indicating that the consent may be withdrawn at any time *470 until the adoption proceeding is final.[1] are not applicable because the Statutes involved did not contain proceedings for termination of parental rights. And likewise inapt, are the habeas corpus cases involving custody of children which lay down the basic principle that the best welfare of the child is the paramount concern of the Court[2] for, here, the sole reason for the petition is not the child's welfare but the mother's change of heart.
On the other hand, the right of a natural parent to a child, while not absolute, is high. As said in 2 C.J.S., Adoption, § 21, "While the right of the natural parents to the custody of their children is not a proprietary right in the same sense as if the child were a chattel, it has ever been regarded, even in primitive civilization, as one of the highest of natural rights. * * *."
Again, it is pertinent to note that the Legislature saw fit to grant jurisdiction of adoption proceedings to this Court which has long been recognized as having equitable powers. In re Andrews' Adm'x, 3 Terry 376, 34 A.2d 710. And the Courts of some States seem to assert inherent power to revoke an adoption proceeding even after final Order upon sufficient grounds. 2 C.J.S., Adoption of Children, § 42, et seq. Nor could it be supposed that, for fraud or trickery in obtaining the formal, notarized consent, the termination proceeding would not be rescinded.
The solution must lie between the two extremes. It is my opinion that, despite the seemingly harsh result, an Order terminating parental rights should not be set aside merely because of a change of mind on the part of the natural parents and, under no circumstances, after the child sought to be adopted has actually been placed in the home of the adopting parents.
However, short of this, moving circumstances strongly indicating that the equitable powers of this Court should be invoked, ought to produce such a result. I have already suggested fraud in obtaining the parent's consent. Here petitioner alleges that she was unduly influenced by her former husband in signing the formal, notarized consent. I take judicial notice of the records of this Court which show that Rosario Fusco has a substantial criminal record and of the fact that in 1955, I granted a divorce in favor of this petitioner against Rosario upon the grounds of extreme cruelty together with custody of the minor child in question. These facts taken in connection with the allegations of the petition are sufficient to justify the holding of a hearing at which it may be determined whether petitioner has the right to revoke the consent in question. A hearing will be ordered.
NOTES
[1] 2 C.J.S., Adoption of Children, § 21a(4) page 386 and cases cited in footnotes 11-15.
[2] 2 C.J.S., Adoption, § 46, page 436.