EDWARD LIFMANN,
Plaintiff Below, Appellant,

*vs.*

HARRY ARONSON, LAWRENCE M. ARONSON, MORRIS DRAFT, SEYMOUR RADY, CLIFFORD L. J. SIEGMEISTER, BEN COLE, SAUL RUBIN, DONALD POLLACK, CHARLES J. SCHANIEL, ABE FELL, M. F. LEWIS, HERMAN SEGALL, and WALTHAM WATCH COMPANY,
Defendants Below, Appellees.

*Supreme Court on Appeal, July 30, 1965.*

N. *Maxson Terry,* Dover, and *James A. Thomas, Jr.,* of Lewis, MacDonald & Varian, New York City, for appellant.

*Irving Morris* and *J. A. Rosenthal,* of Cohen, Morris & Rosenthal, Wilmington, for appellees.

CAREY and HERRMANN, Justices, and STOREY, Judge, sitting.

CAREY, Justice: This appeal filed by the plaintiff below seeks reversal of a summary judgment entered against him in the Court of Chancery on the ground of *res judicata*. The suit is a stockholder's derivative action against various officers and directors of Waltham Watch Company (Waltham). The complaint contains three counts, only two of which are here involved. They charge the defendants with having wrongfully caused Waltham to expend large sums of money for which it received no consideration. The defendants moved for summary judgment on those counts, contending that the charges therein raise the same issue which was previously disposed of in two prior Delaware cases and certain suits in New York, all of which were terminated by a settlement approved by Waltham's stockholders and by the New York Court. Orders of dismissal with prejudice were entered in all those former actions.

The appellant strongly disagrees with the holding that the causes of action are the same. In addition to his attack upon the summary judgment on the merits, he argues that he has been prejudiced by the fact that the Court below took notice of matters in the record of the prior Delaware cases, which were not introduced into the record of this case, without first calling to counsel's attention its intention to do so. This opinion deals only with this latter contention.

The defendants argue that a court has the right to take judicial notice of its own records; they cite a number of Delaware cases in which our various courts have done so. *Johnston v. Chrysler Corp., Del.,* 178 *A.2d* 459; *Wilmington Parking Auth. v. Burton,* 39 *Del.Ch.* 10, 157 *A.2d* 894; *Del. Trust Co. v. Del. Trust Co.,* 33 *Del.Ch.* 443, 95 *A.2d* 569; *Abbott Supply Co. v. Shockley,* 11 *Terry* 261, 128 A.2d 794; In re *Fusco,* 11 *Terry* 241, 127 *A.2d* 468. In none of those cases was any objection raised against the court's action; in all of them no harm was occasioned because the matter noticed was of such nature that there was no doubt of its truth; most importantly, in none of them was there an issue of *res judicata*. This Court announced the general rule in *Frank v. Wilson & Co.,* 27 *Del. Ch.* 292, 32 *A.2d* 277, as follows:

"* * * this Court will not judicially notice proceedings in other causes, even though such proceedings are in the same court. This seems to be the general rule [citing cases]. The basis of the rule is that the opposing party has no way to meet such evidence, and it becomes conclusive against him, while in fact, it might have been met and overcome if properly introduced".

Obviously, in those cases cited above, the basic reason for the general rule was inapplicable.

Although non-observance of the general rule is frequently not prejudicial, we think that compliance with it assumes unusual significance in connection with a plea of *res judicata.* See the annotation in 96 *A.L.R.* 944. There are several reasons why this is true. That plea often brings up questions which require careful analysis of matters in the prior record, as to which the help of counsel may be both desirable and important; there may be evidence therein which is seemingly material but which counsel can show is immaterial; there may be other evidence which is subject to more than one interpretation, and counsel ought to have the right of advancing their respective suggestions as to its meaning. Clearly, this opportunity must exist, but it is wanting unless counsel understand precisely what is before the Court. *McCormick on Evidence,* 709. If the decision be appealed, the appellate court may be faced with a difficult problem, because, in the absence of a clear record, it cannot know just what the trial court considered and what it disregarded. The prior record may contain many items having no bearing whatever on the issue of *res judicata;* it ought to be counsel's duty to eliminate the chaff and see that the court's time is not wasted in scanning irrelevant papers.

There are, of course, exceptions to the general rule requiring formal submission into evidence of the prior record. In *Kleinman v. Saminsky,* 41 *Del.Ch.* 572, 200 *A.2d* 572, although a formal offer had not been made, the Chancellor announced at the hearing that the entire record was before him and that his decision would be based upon it. We declined to reverse because counsel were obviously on notice and had the opportunity to discuss or question anything in that record. In *Frank v. Wilson & Co., supra,* the court indicated that, where a complaint refers to the other judgment and bases the right of action upon

it, the court will take judicial notice of the prior record in passing on a demurrer to the complaint.

The appellees contend that the events which occurred in the Court below amounted to an invitation to the Vice Chancellor to examine the whole prior record, that appellant was put on adequate notice that this would be done, and that, in any event, the exception mentioned in the Frank opinion is applicable here because there is a reference to the earlier judgments in the complaint and the briefs.

The trouble with this argument is that we do not know that the Vice Chancellor did in fact base his finding upon the whole record of the earlier judgment. We know that certain papers were introduced by the plaintiff, some from the earlier Delaware judgment and some from the New York cases. Nothing was specifically introduced by the defendants, although their briefs referred to certain matters in those prior records. The only additional item specifically set out in the opinion is the Schur affidavit (the significance of which has been the subject of much controversy here), although it apparently was not mentioned in the briefs or argument in the lower Court. Not knowing just what the Vice Chancellor considered to be the record before him, we are handicapped in passing upon the appeal. Defendants insist that the whole record of the Delaware case is in this Court; in a literal sense this is true, but only for the reason that, at his request, we directed it to be sent up; it was not originally included by the Clerk, obviously because it had not been formally introduced. Plaintiff insists that it is not properly before us, and that he in fact did not consider it to be before the Vice Chancellor and accordingly refrained from discussing in his argument before that Court certain matters which he could have rebutted or shown to be immaterial. He particularly attacks the Schur affidavit and seeks in this Court to show its lack of materiality. We think we should not determine such questions initially. We agree, however, that he may have been prejudiced for the very reason suggested in the Frank case, *supra;* we think that any doubt concerning possible prejudice ought to be resolved in favor of assuring appellant his day in court.

While it is regrettable that the matter was not brought to the attention of the Court below by way of a motion for reargument, the

circumstances are such that we find it undesirable to consider the merits of this appeal as the record now stands. The case must go back to the Court below, where counsel may have the opportunity to clarify and perfect the record after arguing the controversial points concerning it. That Court can then redetermine whether or not summary judgment is justified on the record thus made.

The judgment will accordingly be reversed.