**In the Matter of Charlene ERTHAL, a minor, and Joan E. Crisconi, Petitioner.**

Supreme Court of Delaware.

Dec. 27, 1966.

* Obviously, credit was given under 11 Del.C. § 3902(b) for a period of incarceration prior to sentence.

Samuel Spiller, Wilmington, for petitioner below, appellant.

Januar D. Bove, Jr., and Peter J. Walsh, of Connolly, Bove & Lodge, Wilmington, for respondent below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

A petition was filed by the mother of Charlene Erthal, a minor, seeking termination of the parental rights of the respondent, the child's father, on the ground of abandonment. The petition was filed under 13 Del.C. § 1103 which provides that "[t]he procedure for termination of parental rights for the purpose of adoption may be initiated whenever it appears that— * * * (2) any child has been abandoned; * *."

The Orphans' Court found that abandonment, as defined by 13 Del.C. § 1101, had not occurred. Upon the basis of such finding, the Orphans' Court denied the petition. The petitioner appeals.

We are required to construe 13 Del.C. § 1101 which defines the word "abandoned", as used in § 1103, as follows:

" 'Abandoned' shall be interpreted as referring to any child who, for a period of one year, has not received any regular and reasonable financial help from or any substantial visits from his parent * * *."

The petitioner concedes that the child received "substantial visits" from the respondent during the year; but she asserts that "regular and reasonable financial help" was not provided by the respondent during that period. The petitioner contends that these two elements, as stated in § 1101, are separate and alternative elements; that failure to provide financial help, alone, constitutes abandonment under the Statute. The trial court disagreed; and so do we.

The difficulty arises from the use of the word "or" between the two elements of § 1101, and the recurrent question of whether "or" shall be read as "and" in order to conform to legislative intent. Compare Application of Emmett S. Hickman Co., 10 Terry 13, 49 Del. 13, 108 A.2d 667, 671 (1954). To resolve the ambiguity we look to the legislative history of § 1101. Monacelli v. Grimes, 9 Terry 122, 48 Del. 122, 99 A.2d 255 (1953).

The progenitor of § 1101 was the Act of 1937 (41 Delaware Laws, Chap. 187 § 1) which provided:

" * * * For the purpose of carrying out the meaning of this Section, the word abandon as hereinbefore referred to and stated shall be and is hereby defined as follows to wit: An abandoned child shall mean a child who is abandoned or deserted in any place by both parents or by the parent having his or her custody, or by any other person or persons lawfully charged with his or her care or custody, and left (1) in destitute circumstances, or (2) without proper food, shelter or clothing, or (3) without being visited or having payments made toward his or her support, for a period of at least one year, by his or her parents, guardian or other lawful custodian without good reason."

This definition of abandonment was abbreviated by the Amendment of 1951 (48 Delaware Laws, Chap. 135 § 1) as follows:

"As used in this Act, the word 'abandoned' shall be interpreted as referring to a child who, for a period of one year, has not received any financial help from or any visit from its parent or parents or any person having parental rights or responsibility and on whose behalf no contacts have been initiated by its parent or parents or any person having parental rights or responsibility."

The present § 1101, enacted by the Amendment of 1961 (53 Delaware Laws, Chap. 102 § 1), is the third stage of the evolution of the statutory definition.

The legislative intent is clear, we think, from the original Act of 1937. There, three alternative definitions of the word "abandoned" were stated disjunctively by enumeration. The third definition contained two elements, viz., "(3) without being visited *or* having payments made toward * * * support." It seems clear that the word "or", as used in the third definition, must be read as a conjunctive in order to be consonant with the disjunctive enumeration of the three definitions. Otherwise, it would be reasonable to assume that the second element of the third definition would have become a fourth definition connected by another disjunctive.

We conclude that, in the enactment of the original Statute, it was the legislative intent to require both factors of the third definition to be present in order to constitute an abandonment. Nothing has occurred in the evolution of the statutory definition to indicate a change of legislative intent. The 1951 Amendment eliminated the first two definitions, leaving the third definition substantially unchanged; and the 1961 Amendment added the requirements that the financial help be "regular and reasonable" and the visits "substantial." Thus, it is apparent that the word "or", here under scrutiny, was carried over into § 1101 without change of meaning. We hold, therefore, that § 1101 requires both a failure to provide reasonable financial help and a failure to make substantial visits in order to constitute an abandonment sufficient to give rise to a termination of parental rights. Compare In re Adoption of Hangartner, 407 Pa. 601, 181 A.2d 280 (1962).

Since the petitioner concedes that the respondent made substantial visits during the year, she has failed to establish the second element requisite for the maintenance of a proceeding for termination of parental rights on the ground of abandonment. Accordingly, her petition must be dismissed.

The judgment of the Orphans' Court is affirmed.