**Myra J. CLINE, Petitioner Below, Appellant,**

v.

**H. Richard HARTZLER, Respondent Below, Appellee.**

Supreme Court of Delaware.

Feb. 17, 1967.

Thomas S. Lodge, of Connolly, Bove & Lodge, Wilmington, for appellant.

Harvey Porter, of Biondi & Porter, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, C. J.:

This is an appeal by Cline, the petitioner mother, from an order refusing to terminate Hartzler's, the father, parental rights in their son, Andrew.

Cline and Hartzler were formerly husband and wife. Born to the marriage in 1956 was the child in question. In 1961, Cline and Hartzler were divorced and the child lived with the mother except for a period from February, 1962 to June, 1963, when he lived with his father.

Cline was awarded legal custody of Andrew in the divorce proceedings. Thereafter, Cline and Hartzler agreed in 1962 that Andrew would live with Hartzler, and that another child would live with Cline and her new husband.

The parties originally lived together as husband and wife in West Virginia. Cline moved to Delaware with her new husband. In June, 1963 Andrew came to Delaware for a two-week visit with Cline. Thereafter, Cline refused to return Andrew to Hartzler.

Cline, in her appeal, contends that Hartzler abandoned Andrew within the meaning of 13 Del.C. § 1101, which provides, *inter alia*:

"§ 1101. Definitions

"As used in this chapter—

" 'Abandoned' shall be interpreted as referring to any child who, for a period of one year, has not received any regular and reasonable financial help from or any substantial visits from his parent or parents or any person having parental rights or responsibility and on whose behalf no substantial contracts have been initiated by his parent * * *."

The testimony was, on behalf of Cline, that Hartzler had not contributed anything toward Andrew's support since June, 1964, although prior to that date sporadically he sent checks to Cline for the support of

Andrew pursuant to an order of nonsupport entered against him in West Virginia.

The trial judge held that, by a literal application of 13 Del.C. § 1101, Hartzler may technically have abandoned Andrew. However, he refused to terminate Hartzler's parental rights in Andrew by reason of other circumstances appearing in the record.

Briefly, these circumstances are that several of the checks forwarded by Hartzler to Cline were returned to him uncashed. Hartzler, a college professor, lived in Massachusetts, which made it difficult for him to make short-term visitations to his son. Hartzler continually asked for visits with his son, which were either denied or ignored by Cline. Hartzler sent Andrew Christmas and birthday gifts in 1964 and 1965. At least one reason why Hartzler did not press for visitations was his desire not to cause conflict and turmoil in the life of Andrew. Under the circumstances, the trial judge concluded that no order of termination of parental rights should be entered, with the expressed hope that the parties would thereafter adjust their emotional ill will toward each other, and work out a means by which the father could see and support his son.

This appeal basically rests upon the proposition that the trial judge found, by a literal application of § 1101, that Hartzler had in fact abandoned Andrew. We have doubt that such was the judge's ruling but, in any event, we do not think this is the complete answer to the appeal.

■ It is clear that the abandonment of a child by a parent is evidenced preliminarily by any conduct on the part of the parent evidencing a settled purpose to forego all parental duties and relinquish all parental claims to the child. The parent must, in effect, renounce and forsake the child entirely. 2 Am.Jur.2d, Adoption, § 32.

This is the general law and, under the law of this State, it is necessary to prove this intent on the part of the parent charged with abandoning his child, as well as to prove any statutory requirement evidencing abandonment. In re Kline, 24 Del. Ch. 427, 8 A.2d 505.

We think, while the statutory requirements considered in the *Kline* case differed from those of our present statute appearing in 13 Del.C. § 1101, the *Kline* case still represents the law of this State. If In re Fusco, 11 Terry 241, 127 A.2d 468, is to be read contrary to this conclusion, we overrule it, but we think the *Fusco* case is consistent with the holding of the *Kline* case.

■ Furthermore, and we think conclusive in this appeal, 13 Del.C. § 1108, makes it plain that the Orphans' Court may order the termination of parental rights only if (1) the facts exist to justify a termination, and (2) if such termination is "in the best interests of the child."

■ Thus it is, we think, with respect to the termination of parental rights as well as with respect to the entry of an order of adoption and an order of custody, that the prime and overriding consideration is always what best serves the interests of the child. In re Adoption of A., Del., 226 A.2d 823; Nelson v. Murray, Del., 211 A.2d 842.

■ We think the trial judge refused to terminate Hartzler's parental rights in Andrew solely upon the consideration that termination would not be in the best interests of the child. The order of the Orphans' Court is therefore affirmed.

In his brief and appendix, Hartzler refers to certain proceedings before the Family Court of New Castle County which terminated in an order granting him rights

of visitation. These proceedings were instituted following the entry of the order in the Orphans' Court refusing to terminate Hartzler's parental rights. Cline requests that we strike from Hartzler's brief and appendix all reference to the Family Court proceedings.

In the consideration of appeals, we are of course confined to the record made before the trial judge. Since these are matters which were not before the trial judge, we have declined to consider them and order them struck from Hartzler's brief and appendix.