### In re the Termination of the Parental Rights of E *.

Supreme Court of Delaware.

Feb. 28, 1968.

* We preserve the anonymity of the parties in deference to Orphans' Court Rule 179 which so requires.

Peter Warren Green, of Booker, Leshem, Green & Shaffer, Wilmington, for appellant.

Daniel B. Ferry, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from an order of the Orphans' Court terminating the parental rights of the mother of a minor child. We will refer to the mother of the child as E, and to the foster parents of the child as B and B.

By 13 Del.C. § 1103(2), it is provided that parental rights in a child may be terminated if the "child has been abandoned." By 13 Del.C. § 1101, an "abandoned" child is one "who, for a period of one year, has not received any regular and reasonable financial help from or any substantial visits from his parent or parents."

■ We have read the record in this case and are of the opinion that there is substantial evidence to support the trial judge's finding that there has been an "abandonment" by E within the meaning of the statute.[1] In reaching this conclusion, he accepted and relied on the testimony of B and B with whom the minor child has been living for all of her eight years, except for a few weeks' stay with E when she was under the age of six months.

■ The trial judge reached the conclusion that there had been a statutory abandonment by E despite one short visit by her to the child and a gift to her in December of 1965. He held, and we think properly, that an annual formal visit did not satisfy the statute's requirement of "substantial visits."

Furthermore, we note, as did the trial judge, that E lived relatively close to the child, had a readily available means of travel, passed within a few miles of the child on recurrent trips from New Jersey to Baltimore, and failed to stop to see her daughter.

We think it clear that the necessary statutory abandonment has been established.

E argues, however, upon the basis of Cline v. Hartzler, 227 A.2d 210, a decision of this Court, that in addition to proof of statutory abandonment it is necessary to prove that she intended to forsake the child entirely when she voluntarily placed the child with B and B.

The trial judge found that when E delivered the child to B and B for the second and final time, she intended to forego parental duties and to relinquish all parental claim to the child. This finding is supported by competent evidence accepted by the trial judge. In doing so, he obviously rejected the testimony of E to the contrary.

■ We think this finding complies with the requirement of Cline v. Hartzler, and that, accordingly, E must be held to have abandoned her child.

---

1. The father of the child has consented to the termination of his parental rights.

Finally, the trial judge held that it clearly was in the best interest of the child that E's parental rights be terminated to clear the way for the adoption of the child by B and B. In so concluding, he relied on the facts that the child has known no parents other than B and B; that she is known by their name; that she has an excellent school record; that she is being brought up in a healthy home environment, and that the child is a normal one with a secure sense of belonging.

As we pointed out in Cline v. Hartzler, when the question before the court is the termination of parental rights, the prime and overriding matter to be taken into consideration is what result will best serve the interests of the child. We have no doubt but that this child's interests will be best served by clearing the way for her ultimate adoption by B and B.

The judgment below is affirmed.