**In re ONE MINOR CHILD.**

Supreme Court of Delaware.

Oct. 13, 1970.

Upon Reargument Nov. 13, 1970.

A. Richard Barros of Brown, Shiels & Barros, Dover, for appellant.

Lester J. Taufen, Community Law Service, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This is an appeal from the denial by the Orphans' Court of a petition for the termination of parental rights.

The background of this case appears in the prior opinion of this Court at 254 A.2d 443. It there appears that the child in this case knew no home other than that of the foster parents, one of whom is the petitioner here.* We there concluded that the custody of the foster parents should not be ' disturbed by removal of the child to the custody of the natural parents, stating:

"* * * It seems manifest to us from the factual situation set forth above that the best interests of the child will not be served by removing him from the only home he has ever really known to a new and strange environment; from a clean and orderly home to dirty and disorderly surroundings; from a home in which he was kept clean, healthy, and well-groomed to one in which he became dirty, infected, and ill-kempt. It is clear to us that it is not in the best interests of the child to take him from the care of those who, for 9 of his 10 years, have given him extraordinary love and attention and have developed a genuine parent-child relationship, only to remove him to people who are actually strangers, comparatively indifferent to his welfare,

and with whom no real parent-child relationship has ever developed."

The above opinion and related mandate of this Court were filed in January 1969. This petition for termination of the rights of the natural parents was filed in February 1970.

As of the time of the hearing on the instant petition in April 1970, the natural parents had made only one attempt to see the child during 1969 and 1970: on January 18, 1969, they had appeared at the home of the foster parents and sought visitation; the request was denied by the foster parents on the ground that the child was too upset. They made no other effort to see or communicate with the child during 1969 or 1970, except for a formal Christmas card.

Moreover, except for a short period in 1967 when the child lived with them, the natural parents had made no financial contribution to the support of the child since its infancy. Most significantly for present purposes, they had made no financial contribution whatsoever during 1969 and 1970.

There appeared to be no significant change of circumstance between the time of our prior opinion in the custody case and the time of the hearing in these termination proceedings.

After the hearing below, the Trial Court ruled:

"THE COURT: I am going to deny the Petition because I am satisfied from the testimony of Mrs. Carroll that there has been no intent to abandon here. There is not merely a formal matter where you are charging objective statutory facts. You are charging a state of mind, not just visiting on the part of the parents, in this case. So I don't think it has been shown, so the Petition is denied."

This appeal was taken from that ruling.

* The foster mother is the petitioner here, the foster father having died in the interim.

■ The law is settled on the issue here presented. By 13 Del.C. § 1103(2), it is provided that parental rights in a child may be terminated if the "child has been abandoned." By 13 Del.C. § 1101, an "abandoned" child is one "who, for a period of one year, has not received any regular and reasonable financial help from or any substantial visits from his parent or parents." And it is settled that the overriding consideration in a proceeding of this nature is the best interest of the child involved. In re Erthal, Del.Supr., 225 A.2d 491 (1966); Cline v. Hartzler, Del.Supr., 227 A.2d 210 (1967); In re E, Del.Supr., 239 A.2d 626 (1968).

■ It is our opinion that, in view of the foregoing, the conclusion of the Orphans' Court was clearly erroneous. See Nelson v. Murray, Del.Supr., 211 A.2d 842 (1965); Lank v. Steiner, Del.Supr., 224 A.2d 242 (1966). The child was abandoned within the meaning of § 1101; and clearly, we think, it is in the best interests of the child to clear the way for adoption of the child by the foster mother by the grant of her petition to terminate parental rights. Compare In re E, Del.Supr., 239 A.2d 626 (1968).

Reversed.

## UPON REARGUMENT

It appears that the Social Report on Termination of Parental Rights, prepared by the State Division of Social Service, "strongly" recommended that parental rights not be terminated in this case for the reasons set forth therein. It appears, too, that the Social Report was not considered by counsel to be before the Trial Court either for examination of the author or for argument.

Upon further consideration, we think that the Social Report and the weight to be accorded it should be opened to exploration by counsel and comment by the Trial Court.

Accordingly, the cause will be remanded for hearing on the Report and for such other proceedings and action as to the Trial Court may seem appropriate.

This Court retains jurisdiction.