**In the Matter of Jane T. MONAHAN et al.**

Superior Court of Delaware,
New Castle.

July 20, 1971.

———◆———

Charles K. Keil, Wilmington, for petitioner.

OPINION

O'HARA, Judge.

Petitioner seeks to terminate the parental rights of his former wife in their seven children. Petitioner is the natural father of the children and was awarded custody of them by order of the Family Court for New Castle County on November 5, 1969. The mother of the children has consented to this petition for termination of parental rights and furthermore, with advice of counsel, has entered into a separation agreement in which she agreed that sole custody of the children should rest with the petitioner and that she waived any visitation rights. These facts are not in dispute.

The problem raised by the petition is whether an unmarried natural parent may terminate the parental rights of his former spouse at a time when there is no intention on the part of petitioner to seek adoption of the children involved. In the usual case, wherein the natural parent is seeking termination of parental rights, there has been a subsequent marriage with the objective involved being the adoption of the children by the step-parent. This is not the situation here as petitioner has neither remarried nor has any intention in the foreseeable future to do so, having religious scruples against such action.

Petitioner argues that the petition should be granted upon two grounds. In the first instance he argues that the general concept in termination cases wherein the "best interest of the child" is paramount should apply to this case. Cline v. Hartzler, 227 A.2d 210 (Del.Supr.1967). He points out that his former wife has obviously abandoned the children, abandoned custody of the children, given up visitation rights to the children and consented to the termination of her parental rights. Furthermore, he argues, he himself as the natural parent in whose custody the children remain should have the right to determine the guardian of his children under his Will and engage in other estate planning, etc. to the interest of the children and without concern over the possibility that his former wife might reassert her position as the natural mother.

Without question the facts here support petitioner's contention that it would be in the "best interest of the children" to terminate parental rights of the mother. Whether or not the Court has the right to do this under the law must be determined under the statutory provisions that apply. It is in this setting that petitioner presents his second argument in support of the granting of the petition. The statute which pertains to terminating parental

rights is found in 13 Del.C. § 1103. The predecessor to that statute provided in pertinent part as follows:

"Whenever it appears in connection with the proposed adoption or placement for adoption of any child that * * *"

Under that provision of the law it was generally conceded that a natural parent did not have legal standing to seek termination of parental rights, unless adoption was contemplated. However, 13 Del.C. § 1103 was amended, effective June 14, 1968, and now reads in pertinent parts as follows:

"The procedure for termination of parental rights for the purpose of adoption *or, if a suitable adoption plan cannot be effected,* for the purpose of providing for the care of the child by some other plan which may or may not contemplate the continued possibility of eventual adoption, may be initiated whenever it appears that * * *"

(1) * * *

(2) Any child has been abandoned;"

It would appear that the obvious intent of the change in the statute relating to the termination of parental rights was to permit it in unusual situations which do not necessarily involve adoption. In this instance it is clear that no adoption can be reasonably contemplated so that no "suitable adoption plan" can be effected. It is also clear that the statute no longer requires adoption as the eventual objective and that in this case the children have been abandoned, otherwise meeting the statutory requirement. The Court can draw no other conclusion but that it is in the best interest of the children here to terminate the parental rights in the mother, that the statute does permit such action by the Court and that, therefore, the petition should be granted.

It is so ordered.